KATHERINE D. MARINO *v.* ROCCO MARINO

BROWN, JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, JS.

Argued March 8—decided May 2, 1950.

*Michael V. Blansfield* and *Harry M. Albert,* for the appellant (defendant).

*Cornelius D. Shea,* for the appellee (plaintiff).

INGLIS, J.   This is an action in equity brought by a wife against her husband for support.   The complaint alleged that the parties were married, that they separated owing to the fault of the defendant and that for some time prior to the institution of the action the defendant had failed and refused to support the plaintiff. An answer was filed in which the defendant alleged by way of several special defenses that the plaintiff had abandoned him and that the separation resulted from her misconduct.   Thereafter there was entered the order for support pendente lite from which this appeal was taken.   The principal contention of the defendant is that the order was entered improperly because upon the hearing on the motion for the order he was denied the right to offer evidence on the merits of the case and, in particular, evidence that the plaintiff had abandoned the defendant.

It appears from the finding that it was proved, either by agreement of the parties or by evidence, that the parties were married and had separated; that, after the separation and down to December 22, 1948, the defendant had paid the plaintiff $25 weekly for her support but thereafter had paid nothing; and that the plaintiff's income was $24 per week and the defendant's

$7000 per year. It is found that the plaintiff claims that life with her husband was intolerable by reason of his cruelty and that the defendant claims that the plaintiff abandoned him without cause. It is further found that there was introduced in evidence the transcript of the testimony which had been admitted on the trial of a charge of nonsupport against the defendant in the Hartford Police Court.

In an equitable action for support, it is within the power of the court to enter an order for temporary support pending the action. Whether such an order shall enter lies in the sound discretion of the court. *Harding* v. *Harding*, 144 Ill. 588, 596, 32 N. E. 206; *Robinson* v. *Robinson*, 87 Wash. 520, 523, 151 P. 1128; 27 Am. Jur. 21. Upon a motion for such temporary support, the question is not whether, on the merits of the entire case, the wife is entitled to support. It is rather whether the wife has a prima facie case and is suing in good faith. *Harding* v. *Harding*, supra. The function of such an order is to enable the wife to live pending the determination of the principal question in the case. *Hiss* v. *Hiss*, 135 Conn. 333, 336, 64 A. 2d 173. Prima facie, the husband's obligation to support his wife is a continuing one, where there is no doubt about the existence of the marriage. The burden of proof of the existence of facts which will relieve him of that obligation is upon him. *Curley* v. *Marzullo*, 127 Conn. 354, 359, 17 A. 2d 10; see *State* v. *Newman*, 91 Conn. 6, 11, 98 A. 346; *State* v. *Schweitzer*, 57 Conn. 532, 538, 18 A. 787. Accordingly, all that is ordinarily essential to justify the entry of an order for support pendente lite is proof of the marriage and the husband's ability to support. If the wife's good faith in instituting the action is questioned or if for any reason it appears that justice requires it, the court should hear evidence and then exercise its discretion as to whether it should

enter the order. But, if this is done, it should always be borne in mind that before support pendente lite is awarded the question to be decided is whether the plaintiff is suing in good faith and, prima facie, has a case entitling her to support, and not whether on the merits she is actually entitled to support.

The defendant's claim was that he had the right to try fully the issues on his affirmative defenses in this preliminary hearing. He had no such right. Evidence was taken, and the trial court was within its discretion in concluding that a "hearing on the merits of the underlying action for support is not a condition precedent to an order for support pendente lite" and that the facts found justified the entry of the order appealed from.

The defendant has also assigned as error the trial court's entry of an order for an allowance to the plaintiff to defend this appeal. He makes the same contentions with respect to that order as he does with respect to the order for temporary support, i. e., that it was entered without any finding that her cause of action was meritorious or that she was proceeding in good faith.

So far as the factor of good faith is concerned, it is enough to point out that this allowance was made simply to permit the plaintiff to defend the appeal taken by the defendant from the order made in her favor for temporary support. In such a situation her good faith appears on the face of the record.

It is now well established that it is within the power of the court in its sound discretion to order a husband to pay suit costs to his wife in cases in which the latter is attempting to enforce her marital rights. This is true whether she is seeking to enforce those rights in an action for divorce or in any other kind of proceeding. *Valluzzo* v. *Valluzzo*, 104 Conn. 152, 155, 132 A.

406. The theory upon which such an order is permitted is that a wife should not be deprived of her rights and the security to which she is entitled by virtue of the marriage and that usually the only property available to finance the enforcement of those rights is in the control of her husband. *Steinmann* v. *Steinmann,* 121 Conn. 498, 504, 186 A. 501. In passing upon a wife's motion for an allowance to prosecute an appeal, the court should inquire into the merits of the appeal. *Dochelli* v. *Dochelli,* 125 Conn. 465, 467, 3 A. 2d 666; *Valluzzo* v. *Valluzzo,* supra, 156. When, however, the question is upon an allowance to defend an appeal taken by the husband, the fact that the judgment or order appealed from has been in the wife's favor is ample evidence of merit to justify an allowance being made to her. The court should also take into consideration the question whether the wife has financial ability of her own to meet the expenses of the appeal. *Steinmann* v. *Steinmann,* supra, 505. In the case at bar, however, the defendant makes no claim that the trial court failed to consider this factor. We cannot say that the trial court in this case abused its discretion in entering the order for an allowance to defend this appeal.

There is no error.

In this opinion the other judges concurred.