### DOMENICA E. SANTANGELO v. GIOVANNI SANTÁNGELO

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 71608

Memorandum filed November 2, 1950.

*Jack H .Evans* and *Louis Evans,* of New Haven, for the Plaintiff.

*Harold E. Drew,* of Derby, for Birmingham National Bank, Garnishee.

*Herman M. Levy* and *William L. Hadden,* of New Haven, for the Defendant.

KING, J. This is an application under Practice Book, § 366, asking that execution issue on so much of the judgment in the above entitled case as awards counsel fees up to the date of judgment in the Superior Court in the amount of $3000. The case is now on appeal. While the court, of course, believes the judgment is correct, it does not hold that "the appeal is taken only for delay." There remains the question whether "the due administration of justice requires" that execution issue.

The reasons of appeal include an attack on the jurisdiction of the court to enter any judgment at all, and consequently if such reasons were upheld the judgment would fall in toto, including the allowance of counsel fees. This, however, is not conclusive against the power of the court to make the order now sought. *Morgan* v. *Morgan,* 104 Conn. 412, 415. The plaintiff was without funds, and the trial was long and involved. An original allowance to prosecute was made (and paid) in the amount of $750. Later on, action on a subsequent application for an additional allowance to prosecute was deferred, at the court's own suggestion, until the end of the trial in order that

the amount might be determined in the light of actual knowledge of the work done instead of on the basis of advance estimates which would necessarily be more or less inaccurate and unfair. The method followed, in view of the unusual complexity of the case, protected the plaintiff against an inadequate allowance and the defendant against an excessive one. The appeal does not call in question the amount of the allowance, as such. Ibid; *Marino* v. *Marino,* 136 Conn. 617, 620.

Neither the plaintiff nor her counsel should now be penalized because the course suggested by the court was taken instead of the more common procedure quite properly followed in the ordinary simple divorce case. This is especially so since no allowance for support pendente lite was made covering the interval to be consumed in the prosecution and disposition of the appeal.

Had the allowance of counsel fees been made pendente lite, the severability from the balance of the final judgment would not have been open to question. *Marino* v. *Marino,* supra; *Valluzzo* v. *Valluzzo,* 104 Conn. 152, 155; *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 401, 404. That a method fairer to each side was adopted cannot change the fundamental question of the severability of the portion of the judgment on which execution is now sought.

For the foregoing reasons the due administration of justice requires that the motion be granted and such an order may issue, the amount of the allowance ($3000) to carry interest at 6 per cent from the date of the Superior Court judgment.