GLORIA L. WOLK *v.* DONALD WOLK
(10993)

PETERS, PARSKEY, SHEA, DALY and F. HENNESSY, Js.

Argued March 30—decision released September 6, 1983

*Gloria L. Wolk,* pro se, the appellant (plaintiff).

*Michael A. Meyers,* for the appellee (defendant).

F. HENNESSY, J. This is an appeal from court orders ancillary to the dissolution of a marriage. The plaintiff, Gloria L. Wolk, claims that the court made errors in its judgment in that: (1) it ordered the plaintiff to sign the 1980 joint tax return of the parties; (2) it assigned fault to the plaintiff for the breakdown of the marriage; (3) it failed to give reasons for final financial orders differing from pendente lite orders; (4) it concluded that the plaintiff made no substantial contribution to the defendant's professional achievements or to the accumulation of marital assets; (5) it denied the plaintiff the family home, a share of the defendant's pension and a share of the defendant's income from his private practice; (6) it found certain issues and testimony immaterial; (7) it failed to consider the best interests of the children in making its awards; and (8) it denied the plaintiff's request for counsel fees.

The plaintiff claims that the court erred in ordering her to sign the 1980 joint income tax return of the parties. The plaintiff admits that she signed the form before the court made its order and that it was submitted to the court as an exhibit by agreement of the parties. She cannot now claim on appeal that the court erred in ordering what she agreed to do.

The plaintiff claims that the court erred in holding her at fault for the marital breakdown by concluding that she was emotionally unstable without the benefit of expert testimony. The court was, however, entitled to rely on the nonexpert testimony of the defendant husband to find that there were "unpredictable emotional twists and turns" on the part of the plaintiff which contributed to the breakdown of the marriage. Nonexpert testimony of this nature is admissible providing it is reliable and the person testifying had an opportunity to observe the events testified to. *State* v. *McGinnis,* 158 Conn. 124, 130–31, 256 A.2d 241 (1969); *Atwood* v. *Atwood,* 84 Conn. 169, 172–74, 79 A. 59 (1911). The determination by the court was not one of such a medical or technical character as to require expert testimony. The court had an opportunity to view the witnesses and weigh the testimony presented. Unless there were no facts upon which the court could base its finding, we as an appellate body cannot retry the case or substitute our judgment for that of the trial court. *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982). A review of the transcript indicates that there were facts presented which would allow the trial court to conclude as it did.

The claim that the court erroneously disturbed alimony pendente lite orders without a clear basis for doing so appears to misunderstand the difference between temporary orders prior to the dissolution of a marriage and final orders at the time of the dissolu-

tion of a marriage. The purpose of an award of alimony and support pendente lite "is to provide for the wife and the dependent children while they are living apart from her husband pending a determination of the issues in the case." *Fitzgerald* v. *Fitzgerald,* 169 Conn. 147, 151, 362 A.2d 889 (1975). The final orders of alimony and support granted at the time of the dissolution necessarily address the long term conditions under which the reorganization of the family is to take place and include distribution of assets such as the family home and other significant assets. Since the purposes of pendente lite awards and final orders are different, there is no requirement that the court give any reason for changing the pendente lite orders.

The next several issues presented by the plaintiff challenge the financial awards by the court. The plaintiff claims that the court erroneously decided that she had not made a substantial contribution to the defendant's professional achievements or to the accumulation of marital assets and as a result denied her the family home and a portion of the defendant's pension and income from his private practice. She challenges the court's order that the house be sold if she cohabits with an unrelated male, and its ruling allowing the defendant to testify to the value of her personal jewelry and the court's award of personalty.

The parties, married for twenty-two years, are in relatively good health and well educated. The husband is in his late forties, a tenured professor at a university and a licensed clinical psychologist. She is in her early forties, and is pursuing a masters degree in social work. There are two minor children. The court found that the plaintiff greatly helped the defendant in his academic achievements and worked jointly to further the marriage and the family welfare so that all assets and earnings went to accomplish those aims. These

findings are not consistent with the plaintiff's claims that the court decided that she had not made a substantial contribution to the defendant's professional achievements.

The court awarded the plaintiff a tenancy in common interest in the family home and exclusive use of it until she remarried, died or cohabited with an unrelated male, or until the youngest child reached the age of majority. Upon the happening of any of these events, the home is to be sold and the net proceeds are to be divided equally between the plaintiff and the defendant. The plaintiff's claim that this order deprives her of the family home is not entirely true. The court has shaped its orders to give to the plaintiff and the children the protection and stability which normally comes with the possession of the family home. The fact that the plaintiff is responsible for the maintenance of the home and payments for the mortgage, insurance and taxes on the home, which will result in a benefit to the defendant when the house is sold, is not an abuse of discretion on the part of the court. The defendant is being deprived of a substantial financial asset for many years. The plaintiff and children have the use of the asset and possibly could earn additional income from renting a portion of it. In placing a condition upon the plaintiff that she not cohabit with an unrelated male lest the house be sold, the court did not commit error. Cohabitation is a dwelling together of man and woman in the same place in the manner of husband and wife. 2 Am. Jur. 2d, Adultery and Fornication § 1. If the plaintiff cohabited instead of marrying she could avoid sharing the largest financial asset of the family with the defendant. The court, acting to fulfill its responsibilities pursuant to General Statutes § 46b-86 (b), could fashion orders to protect the interests of both parties in their

largest financial asset. The shape of the orders herein, in light of all the circumstances, cannot be said to be an abuse of the court's discretion.

The plaintiff claims the court erred in allowing the defendant to testify as to the value of the plaintiff's jewelry. We agree that this testimony was improperly admitted since the defendant was neither the owner of the jewelry nor an expert. See *Saporiti* v. *Austin A. Chambers Co.*, 134 Conn. 476, 479–80, 58 A.2d 387 (1948). We conclude, however, that the ruling was harmless because there is nothing in the memorandum of decision to indicate that the court relied upon the defendant's valuation of the jewelry in making its financial awards.

The denial by the court of specific awards of the defendant's pension plan and income from his private practice as a clinical psychologist cannot be reviewed by this court without examining it in the context of all the orders. The plaintiff received $305 per week as unallocated alimony and support, $18,000 in cash and one-half the net value of the marital premises upon sale. The defendant would have $403 per week remaining after paying the unallocated alimony and support to the defendant. In addition he must maintain his health and life insurance in effect for the benefit of the minor children. The defendant is also paying for the college education of an older child of the marriage. The parties are to share equally in the payment of unreimbursed medical expenses for the minor children. The liabilities of the parties are approximately equal. His opportunity for increasing his income is real but speculative as to amount in the foreseeable future. Her opportunity for increasing her income is somewhat better in that she was unemployed at the time of the

dissolution but her educational qualifications would suggest that she can become employed in a reasonably short period of time.

The plaintiff's claim that a $5000 inheritance received by her three years prior to the dissolution was not included in the award is without merit. All savings accounts were combined and divided in approximately equal parts just prior to the dissolution. The court could reasonably have included the $5000 inheritance in the $36,000 savings accounts. On this record we cannot find that this money was not in fact returned to the plaintiff.

The personalty of the marriage, those items in the marital residence, were given to the plaintiff except for a few items which were given to the defendant. The court considered the pension plan and the income of the defendant from his private practice. The court considered the length of the marriage and the ability of the parties to provide for themselves in the future and in doing so provided shelter and support for the plaintiff and the children. There is no claim that the statutory criteria were not considered by the court, but, rather, that the court abused its discretion in not making adequate awards. Our review is limited in such a case. In order to conclude that the trial court abused its discretion we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. The facts of this case do not allow us so to find. *Murphy* v. *Murphy,* 180 Conn. 376, 379, 429 A.2d 897 (1980).

The claim that the court erred in ignoring issues and testimony by considering them immaterial is set forth in seventeen paragraphs in the plaintiff's brief. Many of the issues have been incorporated into other claims of error and have been addressed. The remainder of the statements involve testimony which the plaintiff

claims was ignored by the court. The court in its memorandum of decision and judgment cannot address every statement made by the witnesses during a contested hearing. If, in its judgment, the court makes orders which are not in accordance with the law or relies upon facts which are not in evidence, error is present. The court is not required, however, to discuss in detail all the testimony. See Maltbie, Conn. App. Proc. § 134. We are convinced that the plaintiff's arguments are without merit.

The next argument of the plaintiff is that the court abused its discretion in awarding custody of the minor children to her. The plaintiff claims that since the court found her emotional instability to be a significant factor in the breakdown of the marriage, it should not have awarded her custody of the children because it was not in their best interest. There was no dispute concerning the custody of the children and there was no testimony offered which related to the plaintiff's inability to be a good parent to the children. The court is not required to address an issue not before it.

The remaining argument concerns the refusal to grant the plaintiff counsel fees. The plaintiff claims that she was denied counsel fees by the trial judge. There is no record of the court denying counsel fees to the plaintiff. The memorandum of decision, the judgment and the transcript are silent on this matter.[1] Even if we assume, however, from the silent record that the court denied her request for counsel fees, such a rul-

---

[1] The transcript clearly shows that counsel fees were requested and argument was made to the court concerning them. Since the court never ruled on the issue the plaintiff should have made a motion for the court to add to its judgment a statement concerning the award of counsel fees. Practice Book §§ 3082, 3108; *Fitzgerald* v. *Fitzgerald,* 190 Conn. 26, 32 n.8, 459 A.2d 498 (1983).

ing is well within the court's discretion; *Spalding* v. *Spalding,* 171 Conn. 220, 230, 368 A.2d 14 (1976); and the plaintiff has shown no abuse of this discretion.

There is no error.

In this opinion the other judges concurred.