JEAN TAYLOR *v.* BRUCE TAYLOR
(6566)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued November 1, 1988—decision released January 10, 1989

*Gary I. Cohen,* with whom was *Laurel A. Ellson,* for the appellant (defendant).

*John F. Fallon,* with whom, on the brief, was *Jay S. Kogan,* for the appellee (plaintiff).

O'CONNELL, J. This is the defendant's appeal from the denial of his motion for modification of unallocated alimony and child support, which he filed on the ground of the plaintiff's cohabitation with another person. The defendant claims the trial court erred in concluding (1) that the plaintiff was not living with another per-

son within the meaning of General Statutes § 46b-86 (b), and (2) that the plaintiff's living situation had not altered her financial circumstances. We find no error.

The following facts are dispositive of this appeal. The marriage of the parties was dissolved by the Superior Court on October 3, 1983, and the parties' separation agreement was incorporated by reference into the dissolution decree. Article III of the agreement provided that unallocated alimony and support payments would terminate "if the wife shall marry or cohabit prior to June 30, 1991."

In September, 1986, the plaintiff purchased a house as a joint tenant with right of survivorship with another woman whose marriage had also been dissolved. The plaintiff lives in the house with her two children as does the cotenant and her son. Each woman has her own bedroom and there is no allegation of a sexual relationship between them. Both women and their children share in common all areas of the house with the exception of their respective bedrooms. The women set up a joint checking account from which the mortgage, utilities and household maintenance expenses are paid. Otherwise, each family pays for its own food, clothing and personal expenses.

In seeking modification of the alimony and support order, the defendant claimed that the plaintiff was *cohabiting* with another person as prohibited by the separation agreement. The memorandum of decision discloses, however, that the court did not look to the separation agreement in denying the modification. Rather, it found that the plaintiff was not *living together with another person,* pursuant to General Statutes § 46b-86 (b).[1] That statute "is a separate and

---

[1] General Statutes § 46b-86 (b) provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife in which a final judgment has been entered providing for the pay-

independent statutory basis for the modification of alimony and is a claim which *must be raised in a written motion* by the party seeking to modify the award of periodic alimony." (Emphasis added.) *Connolly* v. *Connolly,* 191 Conn. 468, 478, 464 A.2d 837 (1983). It authorizes the Superior Court to exercise its discretion, upon notice and hearing, to " 'suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person' . . . ." Id., 474, quoting § 46b-86 (b). Therefore, because the defendant failed to raise the statute as grounds for his motion, it was error for the trial court to rely exclusively on it in rendering its decision.

We find, however, that the error was harmless because it is evident that the trial court's analysis would reach the same result if applied to the separation agreement. There, the term "cohabit" was not defined and the court was left to construe it according to its ordinary use. Furthermore, our Supreme Court has defined cohabiting as "a dwelling together of man and woman in the same place in the manner of husband and wife." *Wolk* v. *Wolk,* 191 Conn. 328, 332, 464 A.2d 780 (1983); see also 2 Am. Jur. 2d, Adultery and Fornication § 1.

The court's finding that the plaintiff was not living with another person as expressed in § 46b-86 (b) and as interpreted by our courts; see *Lupien* v. *Lupien,* 192 Conn. 443, 472 A.2d 18 (1984); *Connolly* v. *Connolly,* supra; *Kaplan* v. *Kaplan,* 186 Conn. 387, 441 A.2d 629 (1982); *O'Bymachow* v. *O'Bymachow,* 12 Conn. App.

ment of periodic alimony by one party to the other, the superior court may in its discretion and *upon notice and hearing,* modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements caused such a change of circumstances as to alter the financial needs of that party." (Emphasis added.)

113, 529 A.2d 747, cert. denied, 205 Conn. 808, 532 A.2d 76 (1987); necessarily implies that she was not cohabiting as the term is used in the separation agreement. Hence, this is a classic case of a correct decision resting on mistaken grounds. *In re Rafael A.,* 15 Conn. App. 641, 646 n.4, 545 A.2d 1162 (1988).

In view of our disposition of the first claim of error, we do not reach the second claim.

There is no error.

In this opinion the other judges concurred.