[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REOPEN JUDGMENT CT Page 697
The marriage of the parties to this action was dissolved by decree of this court, dated November 24, 1992. At the time of the dissolution, and included in the decree as orders of the court, the parties, inter alia, agreed as follows: in paragraph 3 of the agreement, the defendant agreed to transfer her interest in the marital home to the plaintiff forty days from the date of the agreement; paragraph 4 reads: "Periodic Alimony. The husband shall pay to the wife as periodic alimony the sum of $21,000.00 to be paid as follows:
11-24-92 — $10,500
01-01-93 — 10,500
Said duration and amount of alimony shall be non-modifiable except same shall cease upon the wife's death, remarriage or cohabitation."
Based upon a preponderance of the credible, relevant and legally admissible evidence the court finds, concludes and rules as follows:
The defendant, at the time of the dissolution of the marriage, was residing in the home of Lawrence H. Bell, 141 Bokum Road, Old Saybrook, Conn.
The agreement between the parties indicates that the plaintiff's obligation to pay periodic alimony would cease upon the defendant's "cohabitation". Cohabitation is defined as, ". . . a dwelling together of man and woman in the same place in the manner of husband and wife. 2 Am. Jur. 2nd, Adultery and Fornication Sec. 1." Wolk v. Wolk, 191 Conn. 328,332, 464 A.2d 780 (1983); Taylor v. Taylor, 17 Conn. App. 291,293 (1989). Conn. General Statutes Sec. 46b-86(b) reflects a legislative intent that cohabitation ". . . cause such a change in circumstances as to alter the financial needs of that CT Page 698 party. (cohabitator)." Sec. 46b-86(b) also, assuming co-habitation is found, states the superior court ". . . in its discretion . . . may modify such judgment . . ." Id. emphasis added.
The burden is on the movant to prove the allegations in his motion. Here the plaintiff has failed to show by a preponderance of the credible evidence that the defendant was cohabitating within the meaning of Sec. 46b-86(b). The only evidence submitted by the plaintiff was that the defendant was residing in the same house with a man, that they took a vacation together and engaged in sexual intercourse.
The court did not allow evidence of sexual relations between the defendant and Bell to be admitted to prove cohabitation. However, the court reverses its ruling and will consider sexual activity of the defendant and Bell as an element of cohabitation. The defendant admitted such activity as occurring "2 or 3 times in the last 3 weeks". However, the sexual behavior may be a consideration in determining whether a party is living ". . . in the manner of husband and wife." Wolk v. Wolk, supra., such sexual relationship is not a dispositive factor in concluding that a party is cohabitating. General Statutes 46b-86(b) requires that the, ". . . living arrangements cause such a change in circumstances as to alter the financial needs of the party.'
The defendant and Bell are recovering alcoholics enrolled in a rehabilitation program. Bell rents quarters in his house to persons in the program in order to help them conquer their illness and work their way back into society. The defendant claims that she rents from Bell and entered into evidence a lease, cancelled checks and other documents indicating a rental arrangement with Bell. Both she and Bell testified that they share living expenses and the each contribute one half of any expenses involved in buying food, dining out or taking vacations. She and Bell have no joint credit cards, debts or other joint obligations. The defendant's and Bell's account of their living arrangements was uncontradicted by the plaintiff.
The court expressly finds that the defendant was not "living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living CT Page 699 arrangements cause such a change of circumstances as to alter the financial needs of that party". Id., The court finds that the financial needs of the defendant were not altered.
Further, although the court finds and concludes that the defendant was not cohabitating within the meaning of General Statutes Sec. 46b-86(b), it feels compelled to comment on the plaintiff's definition of periodic alimony which he pressed upon the court. The court rejects as a contradiction in terms, the plaintiff's claim, that, ". . . periodic alimony in the sum of $21,000. to be payable as follows: 11-24-92 — $10,500.00, and January 1, 1993 — $10,500.00". Periodic alimony or alimony in general is, "(A)n award of alimony to be satisfied by periodic payments of a definite sum for the indefinite future." 24 Am. Jur. 2nd Div. S. Sec. 614.
On the other hand, alimony in gross or lump sum alimony is, "(A)n award of alimony in one definite sum, whether payable in installments or one payment. 24 Am.Jur.2d Div. S Sec. 614.
It is obvious that the alimony agreement in this case must be categorized as lump sum alimony, i.e., a definite sum, $21,000.00, payable in 2 installments of $10,500.00 each.
The plaintiff admitted that the purpose of designating the payments as periodic alimony was to take advantage of a tax deduction in his favor spread over two taxable years. This court leaves to the internal revenue service the determination of whether such a claim by the plaintiff is legitimate. But it rejects as disingenuous the plaintiff's attempt to classify, what is obviously lump sum alimony, as periodic alimony for the purpose of excusing his failure to pay the second installment due. The court expressly finds that the paragraph 4 entitled "periodic alimony" is ambiguous because it calls for the payment of a definite sum in two definite payments which belies the legal definition of periodic alimony. Periodic alimony calls for the payment of a definite sum for the indefinite future, here the indefinite future is the death, remarriage or cohabitation of the defendant. This court construes paragraph 4 of the parties agreement; however worded, as calling for the payment of lump sum alimony, and accordingly construes the paragraph 4 as an agreement to pay lump sum alimony. CT Page 700
Therefore, the court, basing its conclusion on two reasons; (1) that it expressly finds that the plaintiff was not cohabitating under Sec. 46b-86(b), and (2) that, however couched, paragraph 4 calls for the payment of lump sum alimony, hereby denies the plaintiff's motion to reopen and modify judgment, dated December 30, 1992.
SPALLONE, STATE TRIAL REFEREE