MEMORANDUM OF DECISION RE: MOTION FOR ALLOWANCE TO DEFEND APPEAL
The defendant brought this Motion for Allowance to Defend Appeal, following a finding of Contempt against the plaintiff, and his appeal therefrom.
The parties presented evidence with respect to their claims. The plaintiff claims that he is without sufficient assets to contribute to the defendant's cost of defense. The court understands that the further contribution of Twelve Thousand, Five Hundred ($12,500.00) Dollars for the appeal, after a contribution of Eighty Thousand ($80,000.00) Dollars for the case in chief, by the plaintiff's parents, cannot be considered as "available" assets by this court.) Mallory v. Mallory,207 Conn. 48, 56, 539 A.2d 995 (1988), citing Mays v.Mays, 193 Conn. 261, 270, 476 A.2d 1562 (1984).
The defendant claims that her only asset consists of the monies paid to date and owed to her pursuant to the final judgment of this court. While the original judgment is final, only the finding of contempt is being appealed. The question for the court, then, is the effect of the subversion of the original judgement by an appeal, which may have merit, but will not change the CT Page 8068 outcome of the judgment. The only sanction on the contempt, which may be affected by reversal of the court's finding of contempt, will be the assessment of attorney's fees on the contempt in the amount of One Thousand, Five Hundred ($1,500.00) Dollars. If attorney's fees are not awarded, the value of the judgment to the defendant will be reduced by the amount of fees expended for the defense of the appeal.
The parties agreed that it was within the province of the court to look at the totality of the financial circumstances of the parties, as well as the merit of the appeal. Marino v. Marino, 136 Conn. 617 (1950). The court inquired of counsel if they had discussed with their clients the fact that should the plaintiff prevail, the judgement would still be owed. The court opined that perhaps the defendant should simply concede error, and proceed to the parties next contempt motion.
The plaintiff will achieve time, certainly, and if he prevails, a Pyrrhic victory. The plaintiff may have some stake in the appropriateness of the court's finding him in contempt. However, his appeal will do little to conclude or resolve the problem of satisfying the judgment. The court cannot find merit in art appeal which will merely prolong the issue of how the plaintiff will meet the obligations of a final judgment of the court. The court is not able to conclude that the finding of contempt, with minimal sanctions, is of such legal or equitable consequence to warrant the additional expenditure of attorneys fees for either party.
The court must then assess the financial abilities of the parties to pay an award of attorneys fees to defend. The court heard the parties and assessed their current financial affidavits and cannot therefrom conclude that the plaintiff has current liquid cash assets from which to pay further attorneys fees. The inquiry of the court would be different if this were another contempt, because attorneys fees then could be ordered to be paid over time. The case law draws that distinction, and it would be the course followed by this court. The court finds that the current equity in the plaintiff's home, which is the subject of an order of this court in the judgment until the judgment is CT Page 8069 satisfied, cannot be further converted to cash without the court determining that the childrens' best interest will not be affected by the sale of that property.
The retirement asset not yet disturbed by the plaintiff totals Forty-four Thousand ($44,000.00) Dollars. The defendant's financial affidavit shows only the cash on hand held in escrow by her attorney in the approximate amount of Thirty-eight Thousand ($38,000.00) Dollars. The cash held by defendant's cousel [counsel] on her behalf is a reasonable source of funds to defend the appeal, and the cost thereof should not unduly burden her. It is not an appeal of a final judgment, but rather an appeal on a finding of contempt. The issues are narrow, and readily briefed and argued. The judgment of the court will not be unduly subverted by her expenditure of the necessary funds to defend.
The Motion for Allowance to Defend is denied.
DRANGINIS, J.