[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is defendant Paul McLean's motion #119, to modify alimony, post judgment. Defendant's claim for modification of alimony seeks to terminate his obligation to continue alimony payments on the basis that his former wife, hereinafter "plaintiff," is cohabitating with an unrelated male companion.
According to the sheriff's return, this motion was served by hand upon plaintiff on July 31, 1998, at the residence she shares CT Page 11354 with Dr. Russell Randall, at 596 Old Sherman Hill Road, Woodbury, Connecticut. The motion came before this court for evidence and argument on September 14, 1998. The relevant facts are as follows.
The parties' marriage was dissolved on September 1, 1993. As part of the judgment of dissolution, the court accepted, approved and incorporated by reference into the judgment a written "Stipulation" entered into by the parties providing that defendant would pay plaintiff $250.00 each week in alimony, which amount would be decreased to $1.00 per year in 2003, unless modified or terminated earlier. The Stipulation at paragraph 2A further provides that "[t]his order shall terminate sooner upon the death of either party, remarriage of the plaintiff wife, or her cohabitation as defined in § 46b-86 of the Connecticut General Statutes."
Plaintiff admittedly has been living with Dr. Randall for some time. They have vacationed together. In 1997, he bought the house where they currently reside, and according to plaintiff's financial affidavit dated September 14, 1998, Dr. Randall pays the mortgage and all household utilities.
Defendant seeks to terminate alimony solely on the basis of the parties' Stipulation, which in and of itself provides for termination of his obligation upon the occurrence of plaintiff's cohabitation "as defined in § 46b-86 of the Connecticut General Statutes." The plaintiff, on the other hand, contends that any modification of the alimony order should be made in accordance with the criteria included in § 46b-86(b). Section 46b-86(b), known as the "cohabitation statute," provides in pertinent part that a court may "[m]odify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification . . . of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."
The only issue before the court is whether plaintiff has been cohabitating within the meaning of § 46b-86(b), not whether alimony shall be modified in accordance with that statute. SeeGreenburg v. Greenburg, 26 Conn. App. 591, 596, 602 A.2d 1056
(1992) ("[w]hen the language [of the agreement] is clear and unambiguous . . . the contract is to be given effect according to CT Page 11355 its terms.") "Cohabitation" has been defined by our Supreme Court as "a dwelling together of man and woman in the same place in the manner of husband and wife." Wolk v. Wolk, 191 Conn. 328, 332,464 A.2d 780 (1983), quoted in Taylor v. Taylor,17 Conn. App. 291, 293, 551 A.2d 1285 (1989). There is no doubt in this court's mind that plaintiff and Dr. Randall are cohabitating, and have been doing so since at least the time of service of the instant motion, if not before.
Accordingly, defendant's motion is granted. Alimony is hereby terminated as of July 31, 1998.
PELLEGRINO, J.