[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is whether an antenuptial agreement executed by the parties controls the award of pendente lite alimony.
The parties were married on July 21, 1985. On June 4, 2001, the plaintiff filed the above captioned action seeking a dissolution of her marriage with the defendant. The court has pending before it the plaintiff's motion for alimony pendente lite. The defendant asserts that any award of alimony pendente lite to the plaintiff is governed by an antenuptial agreement entered into by the parties on June 11, 1985. The plaintiff contends that pendente lite alimony should be determined irrespective of the terms of the antenuptial agreement. The plaintiff CT Page 10297 claims that the antenuptial agreement is invalid because the current circumstances of the parties are so far beyond those contemplated by the parties at the time they entered into the agreement that its enforcement would be unconscionable. See McHugh v. McHugh, 181 Conn. 482, 485-86
(1980). The plaintiff argues, however, that the issue of the validity of the antenuptial agreement should be resolved at the final dissolution hearing. The court agrees with the plaintiff.
The terms of the parties' antenuptial agreement provide, inter alia, that, "at the time of the commencement of an action for divorce or dissolution," the defendant shall pay to the plaintiff as alimony the sum of $300 per month for as many months as the parties shall have been married. In addition, the defendant shall within thirty days following a decree of divorce make a lump sum payment to the plaintiff of $250 for each month of the marriage up to a limit of $30,000. Pursuant to the antenuptial agreement, the plaintiff expressly and specifically waives any and all claims for alimony, maintenance and support except as provided in the agreement.
The court's authority to award pendente lite alimony to either party in a dissolution action is provided by statute. General Statutes § 46b-83. Pendente lite alimony is distinctly different from a final award of alimony. Wolk v. Wolk, 191 Conn. 328, 330-31 (1983). Pendente lite alimony is a temporary order issued during the pendency of the dissolution action while a final order concerning alimony is issued at the time of the dissolution of the marriage. Id. Their purposes are also fundamentally different. The purpose of pendente alimony is to provide support for a spouse who is living apart from the other "pending the determination of the question whether she has the right to separate maintenance." Hiss v. Hiss, 135 Conn. 333, 336 (1949). See also Englandv. England, 138 Conn. 410, 413 (1951) and Wolk v. Wolk. supra,191 Conn. 331. Final alimony orders address the long term conditions under which the reorganization of the family is to take place. Id.
Since the purpose of pendente lite alimony is simply to provide spousal support during the pendency of the dissolution action until a final determination of the parties' right to alimony, issues which bear upon a party's right to receive a final order of alimony may be properly left to the final trial on the merits. Compare Marino v. Marino, 136 Conn. 617
(1950) and Fitzgerald v. Fitzgerald, 169 Conn. 147 (1975). In Marino, the plaintiff wife brought an action for support against her husband. The trial court entered an order for support pendente lite. The defendant appealed claiming that the trial court denied him the right to offer evidence that the plaintiff had abandoned him and therefore was not entitled to support. The Connecticut Supreme Court affirmed the trial court, ruling that it was in the trial court's discretion to defer the CT Page 10298 issue of abandonment to the final trial on the merits. Marino v. Marino, supra, 136 Conn. 620. "Upon a motion for such temporary support, the question is not whether, on the merits of the entire case, the wife is entitled to support . . . The function of such an order is to enable the wife to live pending the determination of the principal question in the case." Id., 619.
Similarly, in Fitzgerald, the Connecticut Supreme Court upheld the decision of the trial court in a dissolution action not to consider the validity of a separation agreement entered into by the parties when deciding motions for temporary alimony and child support. The Supreme Court held that the trial court properly deferred the issue of the validity of the separation agreement to the time of the trial on the merits, finding that an inquiry into the validity of the agreement was "unnecessary and improper" for a determination of the motions for temporary orders. Fitzgerald v. Fitzgerald, supra, 169 Conn. 153.
While no Connecticut appellate court has ruled on the precise issue of the applicability of prenuptial agreements to pendente lite proceedings, at least two superior court decisions have found it preferable not to consider the provisions of a prenuptial agreement in a pendente lite hearing and have held that a determination of the validity of a prenuptial agreement should wait until the final trial on the merits of the dissolution action. See Bresnan v. Bresnan, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 235149 (March 27, 1987) (Bassick, J.) and Falck v. Falck, Superior Court, judicial district of Hartford, Docket No. FA 98 0719491 (Nov. 20, 1998) (Brennan, SJR.) See also Blase v. Blase, judicial district of Fairfield at Bridgeport, Docket No. FA88-0251130 (September 13, 1988) (Bassick, J.)
It is not unprecedented for courts in dissolution actions to limit the issues that will be considered at a pendente lite hearing concerning alimony. The statute governing the award of pendente lite alimony, §46b-83, specifically provides that the court shall consider all factors enumerated in § 46b-82 which are to be considered in the permanent award of alimony, except the court may not consider the grounds for the dissolution complaint. As a result, it is not unheard of for a court to award a spouse pendente lite alimony, but not award that same spouse a final order of alimony because he or she is found at the final hearing to be at fault for the breakdown of the marriage.
The appropriate course of action in this case is for the court to refrain from considering the provisions of the parties' antenuptial agreement in its determination of pendente lite alimony. The plaintiff is contesting the validity of the antenuptial agreement on the grounds that its enforcement would work an injustice in light of the changed CT Page 10299 circumstances of the parties. She is entitled to a full and fair opportunity to assert that claim. See McHugh v. McHugh, 181 Conn. 482
(1980). Since this dissolution action was just filed on June 4, 2001, the plaintiff has not had an adequate opportunity to pursue discovery. Discovery is particularly important in this case since the defendant now resides in California and the parties have been physically separated since April 2000.
The plaintiff also claims that she is unemployed and she has no income other than that provided to her by the defendant. If this claim is proven at the pendente lite hearing, the plaintiff may need temporary alimony from the defendant during the pendency of the dissolution action in order to be in a financial position to fully and fairly litigate the issue of the validity of the antenuptial agreement.
The fact that the antenuptial agreement of the parties limits the amount of alimony that the defendant shall pay to the plaintiff to the sum of $300 per month beginning "at the time of the commencement of an action for divorce or dissolution" does not change the appropriateness of deferring the issue of the validity of the agreement to the final hearing. The plaintiff still needs an opportunity to conduct discovery and sufficient financial resources during the pendency of the dissolution action in order to have a full and fair opportunity to assert her claim of the invalidity of the antenuptial agreement. Moreover, any antenuptial agreement that relieves one spouse of the duty to financially support the other during the marriage contravenes public policy. See McHugh v.McHugh, supra, 181 Conn. 489.
For the foregoing reasons, the parties' antenuptial agreement shall not be considered by this court in determining pursuant to § 46b-83 the appropriate pendente lite alimony orders and the issue of the validity of the agreement is deferred until the final dissolution hearing.
BY THE COURT
Judge Jon M. Alander