[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (PENDENTE LITE)
This matter comes before the court by a writ dated September 11, 2001, and returnable October 9, 2001. The parties were mated on September 16, 1978, but are now living separate and apart. There are no minor children. The plaintiff wife ("wife") currently resides in the marital home at 24 Williams Road in Monroe. She does not currently work outside the home, having retired from SNET after nearly twenty-nine years of service. She is not seeking employment at this time, and she testified that there is no physical impediment preventing her from doing so. The defendant husband ("husband") is employed as a Senior Vice-President at First Union National Bank in Stamford. He currently earns a base salary of $158,000, paid in monthly instalments of $13,167.00 that he describes as a "draw." His net income, which includes a deduction of almost $2,000.00 for his 401(k) plan, is approximately $6,500.00. He also reports a modest amount of income from investments of slightly more than $5,000.00 per year net. For the past two years, he has been paid a bonus of approximately $70,000.00, and he testified that while he might be entitled to a bonus this year, it is likely to be smaller than in the immediate past. He also testified that in the past the parties had consistently invested these payments. To this point, the husband has paid "virtually all" of the family bills and has voluntarily given the wife $1,000.00 per month. The wife seeks an order of this court for temporary alimony.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in General Statutes §§ 46b-40, 46b-51, 46b-62, 46b-63, and46b-82, hereby makes the following findings:
1. That the purpose of pendente lite orders is different from that of permanent orders Wolk v. Wolk, 191 Conn. 328, 330-331 (1983);
2. That the husband has base earnings of $158,000 per annum and net income of approximately $84,000;
3. That past bonuses received by the husband were invested by the CT Page 4814 parties; and
4. That it is equitable and appropriate under the circumstances to base the current pendente lite award upon the actual base earnings of the husband and not the earning capacities of the respective parties.
 ORDER
IT IS HEREBY ORDERED THAT:
1. Commencing May 1, 2002, and monthly thereafter, the husband shall pay to the wife the sum of $3,750.00 as and for periodic alimony, pendente lite, until the death of either party or further order of court, whichever shall sooner occur. The wife shall be responsible for the May monthly mortgage payment on the property located at 24 Williams Road, Monroe, Connecticut, as well as succeeding months, including principal and interest, and, if included therein, real property taxes and insurance. In the event that either or both taxes or insurance are not included in the monthly payment, said expenses shall be paid equally by the parties when due.
2. In the absence of any agreement by the parties, the net amount of any bonus (after normal withholding and deductions) received by the husband shall be held by him in escrow until further order of court.
3. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the alimony order.
THE COURT
SHAY, J.