[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE, ALIMONY
Gretchen Carey, who filed for dissolution of her marriage on September 11, 2002, seeks an order for pendente lite alimony. Her husband has opposed the payment of alimony not for economic reasons but because the wife has entered into what he characterizes as a destructive lifestyle which he asserts has included an unhealthy relationship with another man and periods of alcoholic indulgence.[1]
The parties were married on June 2, 1992. The husband is employed at the Veterans Administration hospital, where he earns more than $1,000.00 per week as a medical technologist. The wife, a registered nurse licensed to practice in Connecticut, is presently receiving $318.00 per week in social security disability payments and does not regularly work. At the time of the hearing, she was residing in a shelter, but her residence there was not related to any conduct on the husband's part.[2] Her medical history is significant for back surgery earlier this year as well as a number of psychiatric hospitalizations including one in January, 2002 resulting from a drug overdose.
Upon her discharge from the hospital in February, 2002, she moved in with two people in Branford, where she generally remained until September or October, 2002. She did return to the marital residence a number of times, but never remained long. In addition, she did attempt some work during the year, but never held a job more than briefly. Although she was residing with two people in Branford, her primary relationship there was with only one of the two, a man named Clint Robertson. The relationship was marked by alcohol abuse on the part of one or the other, and sometimes both, and by at least verbal altercation. The wife left the Branford apartment she shared with Mr. Robertson and the other person, but soon moved in to another apartment in Guilford with him. The conflict between the two of them continued, and she left that apartment for a shelter because of increasingly aggressive behavior by him. The wife's medical condition is complicated by injuries she suffered in two motor vehicle accidents that occurred within a two week period in the spring of CT Page 15334-cw 2002, and by a recent recurrence of symptoms of back pain.
The husband asserts that he is willing to have the wife return to the marital home and to care for her there. That plan appears to be untenable. She has lived away from the home for approximately fifteen of the last twenty-two months, and her numerous returns were never successful.
Pendente lite alimony is to provide for the wife while she is living apart from the husband pending a determination of the issues in the case, while final orders of alimony address the conditions under which the reorganization of the family will take place. Wolk v. Wolk, 191 Conn. 328,331 (1983). The court has a duty to shape its economic orders so that those at financial risk are protected. Sweet v. Sweet, 190 Conn. 657, 665
(1983). Here, the wife is at financial risk. There is evidence that some of her financial difficulties are caused by her own conduct, a fact which the court has considered. In particular, her psychiatrist offered an opinion that she could not work because of the stress and anxiety under which she suffers, an observation she confirmed when she testified that her inability to pursue nursing duties was a result of her psychiatric condition. However, she credibly attributes her stress and anxiety to her relationship with Mr. Robertson. Some of her financial difficulties are caused by her inability to work in any field, nursing or otherwise. Her orthapedic surgeon says she cannot lift more than five pounds. Her inability to work at all may be related to stress, but her in ability to work in nursing is either caused or exacerbated by the injuries she suffered in the two automobile accidents.
Finally, there is no question that the plaintiffs conduct over the past two years has contributed to some degree to her inability to work. It is not possible on this record to determine the extent to which the wife created the conditions which led to that conduct as opposed to the extent to which it was generated by forces outside of her control.
The court concludes that an award of temporary alimony is justified and required. In part, this will enable the wife the financial ability to get back on her feet and resume a productive life. The court orders that the husband pay the wife the sum of $150.00 per week in temporary alimony, commencing on December 24, 2002 payable weekly in advance. Payment shall be made through the wife's attorney's office. CT Page 15334-cx
So ordered.
BY THE COURT,
 ___________________ GRUENDEL, J.