******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

KENMORE ROAD ASSOCIATION, INC. *v.*
TOWN OF BLOOMFIELD
(AC 43141)

Elgo, Cradle and Pellegrino, Js.

*Syllabus*

The plaintiff corporation, which had acquired title to a certain private road
in 1966, sought, inter alia, a judgment declaring that the defendant town
had accepted the road as a public road. Following a trial, the trial court
rendered judgment in favor of the defendant, concluding that the road
had not been dedicated to public use by the plaintiff or accepted by the
defendant or the public for such use. On the plaintiff's appeal to this
court, *held* that the trial court's findings that the plaintiff had not
impliedly dedicated the road to public use nor had the defendant or the
public impliedly accepted the road for such use were supported by the
record and, therefore, were not clearly erroneous.

Argued May 25—officially released August 24, 2021

*Procedural History*

Action seeking a judgment declaring that the defendant has accepted a certain road as a public road, and for other relief, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Hon. A. Susan Peck*, judge trial referee; judgment for the defendant, from which the plaintiff appealed to this court. *Affirmed.*

*Mark S. Shipman*, with whom was *C. Scott Schwefel*, for the appellant (plaintiff).

*Thomas R. Gerarde*, with whom were *Marc N. Needelman*, and, on the brief, *Adam J. DiFulvio*, for the appellee (defendant).

*Opinion*

PER CURIAM. In this declaratory judgment action, the plaintiff, Kenmore Road Association, Inc., appeals from the judgment of the trial court, rendered after a court trial, in favor of the defendant, the town of Bloomfield. On appeal, the plaintiff claims that the trial court erred in concluding that Kenmore Road had neither been impliedly dedicated to public use nor impliedly accepted as a public road by the defendant or the public.[1] We affirm the judgment of the trial court.

The plaintiff is a Connecticut corporation, which took title to Kenmore Road, as a private road, in 1966. The plaintiff is not a common interest community. The members of the plaintiff are residents whose properties abut the road, which is the sole means of ingress and egress to those properties. On October 29, 2015, the plaintiff filed this action by way of a one count complaint seeking a declaratory judgment that the defendant has accepted Kenmore Road as a public road. Following a brief trial, the court issued a written memorandum of decision in which it concluded that Kenmore Road had been neither dedicated to the defendant, nor accepted by the defendant or the public, for public use. This appeal followed.

"[U]nder the common law, highways have been established in this state by dedication and acceptance by the public. . . . Dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by and in behalf of the public. . . . Both the owner's intention to dedicate the way to public use and acceptance by the public must exist, but the intention to dedicate the way to public use may be implied from the acts and conduct of the owner, and public acceptance may be shown by proof of the actual use of the way by the public. . . . Thus, two elements are essential to a valid dedication: (1) a manifested intent by the owner to dedicate the land involved for the use of the public; and (2) an acceptance by the proper authorities or by the general public." (Internal quotation marks omitted.) *Montanaro* v. *Aspetuck Land Trust, Inc.*, 137 Conn. App. 1, 11, 48 A.3d 107, cert. denied, 307 Conn. 932, 56 A.3d 715 (2012).

As noted, the plaintiff does not challenge on appeal the trial court's determinations that Kenmore Road was not expressly dedicated or accepted for public use. Our review is therefore limited to the trial court's rejection of the plaintiff's claims that Kenmore Road was impliedly dedicated by the plaintiff and impliedly accepted by the defendant and the public for public use.

"An implied dedication may arise . . . where the conduct of a property owner unequivocally manifests his intention to devote his property to a public use; but no presumption of an intent to dedicate arises unless it is clearly shown by the owner's acts and declarations, the only reasonable explanation of which is that a dedi-

cation was intended." *A & H Corp. v. Bridgeport*, 180 Conn. 435, 439–40, 430 A.2d 25 (1980).

"To determine whether the public has accepted a [road] through actual use, the use need not necessarily be constant or by large numbers of the public, but it must continue over a significant period of time . . . and be of such a character as to justify a conclusion that the way is of common convenience and necessity. . . . While the public's actual use of the property dedicated to a municipality can, under appropriate circumstances, constitute an implied acceptance on the part of the public, there are municipal actions that may also constitute acceptance of such property. . . . Where a municipality grades and paves a street, maintains and improves it, removes snow from it, or installs storm or sanitary sewers, lighting, curbs, or sidewalks upon it there exists a factual basis for finding an implied acceptance of the street by the municipality. . . . Such municipal acts are factors to be weighed in the ultimate factual determination of acceptance. Another factor is the municipality's levy and collection of general and special taxes and assessments on the property." (Citation omitted; internal quotation marks omitted.) *Montanaro* v. *Aspetuck Land Trust, Inc.*, supra, 137 Conn. App. 18.

"The questions of whether there have been dedication [and] acceptance . . . generally are recognized as questions of fact. . . . Our review of the factual findings of the trial court is limited to a determination of whether they are clearly erroneous. . . . To the extent that the . . . claim regarding the acceptance of the [road] challenges the legal basis of the court's conclusions, however, our review is plenary. . . . The question of acceptance, therefore, is better understood as one of mixed law and fact. It is one of law [insofar] as it involves questions as to the nature of this acceptance, the source from which it must come, and the acts and things which may be indicative of it. It is one of fact [insofar] as it involves inquiries as to whether . . . the requisite acts and things have been done so that legal requirements have been met." (Citations omitted; internal quotation marks omitted.) Id., 8–9. Here, because the plaintiff challenges the trial court's determination that the requisite acts and things have not been done to constitute dedication and acceptance, this appeal involves questions of fact, which we review to determine whether they are clearly erroneous.

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and [to] determine credibility, we give great deference to its findings." (Internal quotation

marks omitted.) *Reserve Realty, LLC* v. *Windemere Reserve, LLC*, 205 Conn. App. 299, 333,    A.3d (2021).

In rejecting the plaintiff's claims that it had impliedly dedicated Kenmore Road for public use and that Kenmore Road had been impliedly accepted for such use by the public, the court reasoned, inter alia: "Kenmore Road has no access to any other road of the town other than Simsbury Road. Without question, it primarily exists to serve its residents. Thus, the public benefit to be derived from public use of the road is not readily apparent. At the top, of the road, it abuts the [Metropolitan District Commission (MDC)] reservoir property. At some point in time, the MDC constructed a fence, which served as a barrier to enter onto the MDC property. Residents of Kenmore Road testified that, at least in recent time, they have taken no action to bar the public's use and entry onto the road. Occasionally, members of the public have been spotted by witnesses walking on the road. In the past, however, residents have sought to restrict access by the general public. Members of the [plaintiff] prevailed upon the MDC to install a gate in the fence that had a combination lock, the combination for which was provided to [the plaintiff's] members.

"Significantly, there is no specific evidence as of what date, or period of time, the [plaintiff] claims the road may be deemed to have been impliedly dedicated by it to public use. The lack of evidence on this point makes it even more challenging for the court to find implied acceptance by the general public. To the extent there has been use by the public, it has been sparse and irregular. Also, there is scant evidence of continuity of use by the general public. Further, assuming there has been use of Kenmore Road by the unorganized public over time, it is not clear from the evidence how beneficial that use has been. As noted, there is only one access point to and from Kenmore Road. There is no public parking on Kenmore Road for folks seeking access to the reservoir. The MDC reservoir property has a large public entrance with substantial public parking within a mile of Kenmore Road on Route 44 in Avon. . . .

"Essentially, the plaintiff has failed to establish that, at any time prior to the filing of this [action], it unequivocally manifested an intention to devote Kenmore Road to public use. . . . In fact, the weight of the evidence demonstrates that, until the present time, the [plaintiff] has consistently exhibited private control of the road. Thus, the court finds that the plaintiff has failed to prove by a preponderance of the evidence the dedication of Kenmore Road by implication. . . .

"Even assuming, however, implied dedication by the plaintiff, the evidence of use by the general public is scant, of unclear benefit to the public, and generally insufficient. Basically, there is little or no evidence that the use of Kenmore Road by the unorganized public

. . . i.e., that the use by members of the public who are not residents of the road or their invitees, has continued over a significant period of time, and can be said to be of such a character as to justify a conclusion that the way is of common convenience and necessity. . . . In addition, as stated, implied acceptance by public use must occur within a reasonable time after dedication. . . . Because the timing of both the plaintiff's purported dedication and acceptance is unclear from the evidence, the court cannot justifiably make this determination. . . .

"[Moreover], [a]s illustrated by the testimony of the residents of Kenmore Road, evidence of the actual use of the road by the unorganized public is weak, uncertain and of unclear benefit. For these reasons, the use of Kenmore Road to the general public, as shown by the plaintiff, cannot be said to be of common convenience and necessity, and therefore beneficial to them." (Citations omitted; footnote omitted; internal quotation marks omitted.)

The trial court also disagreed with the plaintiff's contention that the provision of certain services by the defendant constituted an implied acceptance of Kenmore Road as a public road. The trial court found that the defendant had provided "trash pickup, snow removal, oiling, sanding and sweeping of sand off the road to be stored in an environmentally secure area, per order of the [Department of Energy and Environmental Protection], trimming tree limbs, clearing downed trees, which would interfere with the efforts of first responders from getting to residents in need of emergency assistance, and transportation services for schoolchildren and the elderly." The court nevertheless rejected the plaintiff's argument that, in providing those services, the defendant impliedly accepted Kenmore Road for public use. The court reasoned: "[T]he provision of these services alone to members of the [plaintiff] on a voluntary or contractual basis cannot reasonably be said to constitute an implied acceptance of the roadway by the [defendant] as a public [road] particularly in light of the substantial evidence indicating that the [defendant] has consistently and repeatedly rejected the residents' historical requests to accept the road for public use absent substantial improvements. Thus, the weight of the evidence is that the [defendant] cannot be said to have impliedly accepted Kenmore Road for public use."

The plaintiff argues on appeal that the trial court erred in finding that it had not impliedly dedicated Kenmore Road to public use, nor had Kenmore Road been impliedly accepted for such use by the defendant or the public. The trial court's findings are amply supported by the record and, therefore, are not clearly erroneous. The plaintiff asks this court to substitute its judgment for that of the trial court. It is not the role of this court to do so. See *Wolk* v. *Wolk*, 191 Conn. 328, 330, 464 A.2d

780 (1983) ("[u]nless there were no facts [on] which the [trial] court could base its finding, we as an appellate body cannot retry the case or substitute our judgment for that of the trial court").

The judgment is affirmed.

[1] The trial court also concluded that Kenmore Road had neither been expressly dedicated by the plaintiff, nor expressly accepted by the defendant, as a public road. The plaintiff does not challenge these aspects of the trial court's decision.

--------------------------------