## Nancy W. Vickery *v.* Harold R. Vickery
### (9538)

Dupont, C. J., Foti and Lavery, Js.

Argued May 1—decision released August 27, 1991

*Norman J. Voog,* with whom, on the brief, was *Allen Gary Palmer,* for the appellant (defendant).

*Lawrence D. Church,* with whom, on the brief, was *Cheryl Brienza Cook,* for the appellee (plaintiff).

*Wilbur Ward Dinegar,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Thomas H. Hrusa,* assistant attorney general, for the appellee (state).

LAVERY, J. The defendant appeals from the order of the trial court modifying the amount of child support awarded to the plaintiff.[1] The defendant claims that the trial court was incorrect (1) in not making the modification order retroactive to the date the motion for modification was filed or, in the alternative, to the date the modification motion first appeared on the court calendar, (2) in not finding that the child support guidelines are void because they were not properly promulgated under the Uniform Administrative Procedure Act (UAPA),[2] (3) in applying the child support guidelines strictly without applying the criteria of General Statutes §§ 46b-82, 46b-84 and 46b-86[3] by giving consider-

---

[1] The state, having made aid to families with dependent children payments to the plaintiff, is also a party to this appeal and has filed a separate brief.

[2] Connecticut's version of the Uniform Administrative Procedure Act is codified at General Statutes §§ 4-166 through 4-189.

[3] General Statutes § 46b-82 provides: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. . . . In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

The pertinent part of General Statutes § 46b-84 provides: "(a) Upon or subsequent to the annulment or dissolution of any marriage or the entry of a decree of legal separation or divorce, the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, if the child is in need of maintenance.

"(b) In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance

ation only to the needs of the plaintiff, (4) in abusing its discretion by ordering the defendant to pay $102 a week in accordance with the child support guidelines, despite the financial affidavits submitted by the parties and the court's factual findings to the contrary.

The undisputed facts pertinent to the resolution of this case are as follows. In July, 1985, a judgment of dissolution of marriage was granted to the plaintiff. The defendant did not appear at the dissolution hear-

and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."

General Statutes § 46b-86 provides in relevant part: "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. In determining whether to modify a child support order based on a substantial deviation from such child support guidelines the court shall consider the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division. After the date of judgment, modification of any child support order issued before or after July 1, 1990, may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of dissolution. By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law. No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50."

ing, was not represented by counsel and failed to file a financial affidavit. During the hearing, the plaintiff represented to the court that she had no income and that the defendant earned between $630 and $720 per week. As part of the dissolution orders, the court required that the defendant pay to the plaintiff $400 per week, $200 in alimony and $100 in child support for each of the two minor children. The defendant was served with notice of the judgment and a return of service of that notice was made. Although the defendant made substantial payments to the plaintiff over the next three years, the sum of the payments did not represent full payment of the amounts ordered by the court.

In November, 1988, the defendant filed a motion to modify alimony and support that was denied by the family court magistrate. The orders of the magistrate are on appeal in the Superior Court and are not the subject of this appeal. The defendant brought a second motion to modify on January 22, 1990. This motion was first placed on the court calendar for a hearing on February 20, 1990. The motion was ultimately heard over a period of three days in August, 1990, and a decision was rendered on August 30, 1990. The court found that there had been a material change of circumstances since the date of dissolution, that at the time of the dissolution the defendant's earnings were between $630 and $720 per week, and that the plaintiff had no earnings. The court determined that at the time of the 1990 hearing on modification, the plaintiff was earning $450 per week and the defendant earned $290 per week. The court also found that the defendant did not voluntarily deplete his earnings nor did he quit his employment and that the reduction of his income was not intentional. In its decision, the court specifically stated that it had considered the relevant statutory criteria, namely §§ 46b-84 and 46b-86, and that applying the facts of

the case to those criteria it could not find that the application of the child support guidelines would be inequitable or inappropriate. Accordingly, the trial court reduced the alimony to $1 per year and reduced the child support payments to a total of $102 per week for the two children. In addition, the court ordered that the defendant pay $20 a week on the arrearage. The trial court refused to make a retroactive modification of the alimony and support either to the date of the filing of the motion or to the date that motion was first set down on the court calendar for a hearing.

## I

As of August 30, 1990, the long-standing rule of law in effect was that a court's order modifying alimony and child support may not be retroactive. *Sanchione* v. *Sanchione*, 173 Conn. 397, 406, 378 A.2d 522 (1977); *Darak* v. *Darak*, 210 Conn. 462, 479, 556 A.2d 145 (1989); *Paddock* v. *Paddock*, 22 Conn. App. 367, 373, 577 A.2d 1087 (1990). These cases hold that modification must be prospective in nature and can be effective only from the date of the hearing on the motion.

In 1990, however, the Connecticut legislature passed an amendment to § 46b-86 (a) that provides, inter alia, "[n]o order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50." This amendment became effective on October 1, 1990. Because this amendment was not in effect at the time of the trial court's ruling, the court could not exercise any discretion to modify child support retroactively. Its decision, therefore, was correct.

## II

The defendant next claims that the trial court was incorrect in its application of the child support guidelines. He argues that the guidelines are not contained in any statutory act or rule of the Superior Court and have not been published in the Connecticut Law Journal as an administrative regulation pursuant to General Statutes § 4-173 and are, therefore, void.

We disagree and conclude that the guidelines are valid because No. 89-203 of the 1989 Public Acts (P.A. 89-203) adopted and then incorporated the guidelines by reference into statutory law.

In 1984, the United States Congress passed the Child Support Enforcement Amendments; Pub. L. 98-378; which required, among other things, that the states establish child support guidelines by law or by judicial or administrative action. Under that legislation, the states were given the mandate of making the guidelines available to "all judges and other officials who have the power to determine child support awards within the states." In response to the federal act, our legislature enacted No. 85-548 of the 1985 Public Acts, which established a commission to develop the child support guidelines and which provided that the guidelines be made available to the judges but not be binding on them. The commission created guidelines that were not promulgated in accord with the UAPA but were put into effect by the commission on January 1, 1987.

In 1988, Congress revised the Child Support Enforcement Amendments by mandating that the guidelines serve as a "rebuttable presumption" of the correct amount of support to be awarded unless the decision maker makes a specific finding that the application of the guidelines would be unjust. 42 U.S.C. § 667 (b) (2).

Congress also required that the guidelines be reviewed every four years to ensure the appropriateness of their continued application. 42 U.S.C. § 667 (a). In 1989, Connecticut passed P.A. 89-203 establishing a new commission for child support guidelines charged with the responsibility of reviewing the established criteria for the guidelines and issuing revised guidelines not later than January 1, 1991, and every four years thereafter.

Section 2 of P.A. 89-203 (a) provides, in pertinent part, that the guidelines promulgated pursuant to § 8 of Public Acts 1985, No. 85-548 (P.A. 85-548), and any updated guidelines, "shall be considered in all determinations of child support amounts within the state. . . ."

The defendant argues that the child support commission created by P.A. 85-548, § 8, is an agency of the state, as agencies are defined by General Statutes § 4-166, and, therefore, that its guidelines constitute regulations that must be promulgated in accordance with the UAPA. The defendant asserts that the state could have set the guidelines through judicial rules or specific legislative enactment but chose instead to create a commission (an agency of the state) and, thus, the guidelines must be promulgated in accordance with the procedures set forth in the UAPA.

The plaintiffs argue that the commission is not an agency subject to the UAPA, that the guidelines are not regulations as defined by § 4-166 (13) because P.A. 85-548 rendered the guidelines nonbinding, and that, even if the commission is an agency as defined by the UAPA, 1987, the two year statute of limitations to contest a regulation set forth in General Statutes § 4-168 (h) controls because the guidelines were effective on January 1.

It is unnecessary for us to delve into whether the commission created by P.A. 85-548 is an agency, whether

the guidelines are regulations or whether the two year statute of limitations applies. The fact that the General Assembly incorporated the guidelines by reference in P.A. 89-203 and mandated that the guidelines be considered renders moot any argument that the guidelines are void or invalid. The guidelines became statutory law by their incorporation into P.A. 89-203 and will remain in effect until new guidelines are promulgated. Thus, in August, 1990, at the time of the hearing, the guidelines developed pursuant to P.A. 85-548 were valid.

## III

Finally, the defendant claims that it is impossible for the court to apply the mandates of §§ 46b-84 and 46b-86 and apply the mandates of the guidelines at the same time. This claim is without merit.

General Statutes § 46b-215b (b) provides that in any proceeding for the establishment or modification of a child support award, the guidelines "shall be considered in addition to and not in lieu of the criteria for such awards in sections 46b-84, 46b-86 . . . ."

In addition, the guidelines themselves list several factors that may be relevant to the determination of support obligations including the age of the children and other reasonable considerations. *Battersby* v. *Battersby*, 218 Conn. 467, 471–72, 590 A.2d 427 (1991). General Statutes § 46b-215b (a) provides that a "specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case . . . shall be sufficient to rebut the presumption in such case." Simply put, the statutes and guidelines are compatible.

In this case, the court found the guidelines under P.A. 89-203 to be equitable and appropriate and specifically

stated that it had considered the relevant statutory criteria, namely §§ 46b-86 and 46b-84. A review of the transcript, the exhibits and the record reveals that in making the award of support for the two minor children, the court exercised its discretion properly in accordance with the law.

The defendant's fourth claim challenging the court's factual findings is redundant and raises issues already addressed in this opinion.

The judgment is affirmed.

In this opinion the other judges concurred.