[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION OF UNALLOCATED CHILD SUPPORT ORDERS DATED APRIL 3, 1991 (NO. 172.09) AND PLAINTIFF'S MOTION TO MODIFY DATED JUNE 21, 1987 (NO. 124.00)
The court will treat these motions together. It has been agreed that motion 172.09 is to be retroactive to April 25, 1991. There was no agreement as to retroactivity for motion number 124.00.
It is clear that, in a motion for modification of a judgment of 1984, the law required a substantial, unforeseen (noncontemplated) change in the circumstances of the parties. See Grinold v. Grinold, 172 Conn. 192, 195 (1976) and McCann v. McCann, 191 Conn. 447 (1983). Public Act 87-104 eliminated the uncontemplated change in circumstances barrier to the modification of an existing order. Any judgment, however, entered before 1987 was not affected by this act, and accordingly, each party has the burden of showing an uncontemplated (unforeseen) change in circumstances that was substantial.
In addition, it is clear that retroactive modification is not permissible. Sanchione v. Sanchione, 173 Conn. 397
(1977), sets forth on pages 405 and 406 the reasons why modification of alimony should not be retroactive. This is cited in other cases including Vickery v. Vickery, 25 Conn. App. 555
at 559 (1991). In Vickery it was clear that, unless you followed the specific provisions for retroactivity, it will not be retroactive. Filing motions does not satisfy that requirement; rather, service must be as provided for in Connecticut General Statutes 52-50.
At the time of the dissolution, the wife's financial affidavit of May 24, 1984, showed that she had income from principal employment of $48.00 gross per week, that she had assets that value of $31,161.00, that she had no liabilities, and that her total weekly expenses were $892.35. At the time of this hearing, based on an affidavit of September 10, 1991, she had gross weekly wages from employment of $223.00; she had assets worth $97,800.00; she had liabilities of $132,650.00; and she had total weekly expenses of $1,305.00.
The husband's affidavit at the time of the dissolution showed that he had total gross earnings from employment of $1,442.00; that he had weekly expenses of $1,110.00; that he had assets of $31,860.00; that he had liabilities of $30,650.00. At the time of the modification proceedings, he had gross weekly income from principal employment of $3,708.69; that he had total weekly expenses of $3,498.93; that he had assets worth $240,644.00; and total liabilities of $180,321.96.
It is clear that even with the husband's current payments of $36,000.00 that the wife finds herself in a shortfall as it relates to her expenses. It is argued that, as a matter of law, she has no CT Page 986 obligation to make certain expenses; however, it is clear that people may spend their money as they choose. It is further clear to this court, were a motion for modification filed during the early years of this dissolution subsequent to 1984 and prior to today, that this court would have looked favorably on a modification upward of the payments made by the husband since his income went up dramatically. Note at the hearing his income is based on drawings of $192,852.00 per year. He has remarried and has taken on additional expenses of a wife and child.
The court has considered all of the testimony of all of the witnesses, all of the exhibits introduced into trial including but not limited to all the tax exhibits, the tax returns, and the schedules, and has reviewed the financial affidavits of the parties and carefully considered the statutory criteria as set forth in Connecticut General Statutes 46b-62, the attorney's fees, 46b-86, the modification statute, and all other relevant statutes, the court finds that there is a substantial change in circumstances of the parties not contemplated at the time of the dissolution of marriage, and accordingly, motion 172.09 is denied and motion 124.00 is granted so that the husband shall pay to the wife the sum of $36,000.00 per year as alimony until her death, his death, her remarriage or her cohabitation under the statutes. Alimony is payable at $3,000.00 per month commencing February 10, 1992.
The court does find that reasonable attorney's fees, should be awarded the wife as set forth in Connecticut General Statutes 46b-62 and as guidelines are given in Miller v. Miller, 15 Conn. App. 412; Graham v. Graham, 25 Conn. App. 41; and the other leading cases of Turgeon, Koizim, and Tirado. Accordingly, the court finds, based on the testimony and the affidavit of attorney's fees, and other exhibits, that a fair and reasonable fee for the wife in the prosecution of this matter is the maximum amount set forth in the February 2, 1988 fee arrangement of $4,500.00. In addition, the court finds that the charge of Mr. Pia of $2,970.00 is reasonable and ordered to be paid by the husband. Both the attorney's fees and the costs are to be paid at the rate of $1,000.00 per month commencing March 10 of 1992 and continuing monthly on the tenth day of each month thereafter until paid in full.
All sums are to be paid without interest, and the court denies the oral request to secure payments by insurance for all the reasons set forth in this memorandum of decision. In addition, interest is denied since it was not in writing in the motion before the commencement of these proceedings.
EDWARD R. KARAZIN, JR., JUDGE