SUSAN B. MIHALYAK *v.* JOHN MIHALYAK
(10825)

O'CONNELL, FOTI and HEIMAN, Js.

Argued January 5—decision released March 2, 1993

*Robert M. Elliott,* for the appellant-appellee (defendant).

*Gerald H. Kahn,* for the appellee-appellant (plaintiff).

Foti, J. The defendant appeals from the judgment of the trial court granting in part and denying in part his motion to terminate alimony.[1] He claims that the trial court improperly (1) ordered the plaintiff to repay alimony payments to the defendant only from the date on which he filed the motion rather than from the date on which the plaintiff's cohabitation began, and (2) failed to exercise its discretion when it denied the defendant an award of interest, attorney's fees and costs. The plaintiff has cross appealed, her sole claim being that the trial court improperly ordered a retroactive modification of alimony. We agree with the defendant and reverse the judgment of the trial court.

---

[1] The defendant also filed a motion for contempt dated December 20, 1990. Although the record does not disclose a disposition, the parties, at oral argument before this court, indicated that the trial court had denied that motion.

The relevant facts are as follows. The parties' marriage was dissolved in February, 1985, at which time the plaintiff, who was awarded the marital residence, was ordered to pay the defendant $30,000 as a property settlement on or before April 15, 1985. Until such payment, the defendant was to pay the plaintiff $180 per week in alimony, which would be increased to $225 per week when the defendant received the $30,000. On June 1, 1988, the alimony was to be reduced from $255 to $180 per week; on June 1, 1989, the alimony was to be further reduced to $100 per week. The amount of alimony was also to change if the plaintiff sold the house. The judgment, which incorporated an oral stipulation of the parties, further provided that "the Wife's right to receive alimony will terminate upon the death of either party or upon the wife's remarriage or cohabitation."

The defendant first learned of the plaintiff's possible cohabitation in the summer of 1990. After investigating to confirm his suspicion, he filed a motion for contempt in December, 1990, and a motion for modification or termination of alimony on February 14, 1991. He continued paying alimony to the plaintiff until July 19, 1991. Thereafter, he paid alimony into an interest bearing escrow account.

The trial court held an evidentiary hearing on the defendant's motions, at which time the plaintiff orally and by written stipulation admitted to living with a man at the former marital house since the beginning of September, 1988, "under the same roof" and "sharing the same bed." The plaintiff also orally stipulated that she did not want to receive any more alimony from the defendant after July 19, 1991. The defendant had paid some 150 weeks of alimony from September 1, 1988, until July 19, 1991.

After hearing the evidence, the court found "that the plaintiff was cohabiting or living with another person under circumstances which the court finds should result in a modification, suspension, reduction, or termination of alimony because the living arrangements caused a change of circumstances so as to alter the financial needs of the plaintiff."[2] The court ordered termination of the alimony effective February 14, 1991, the date the defendant filed his motion for modification. The plaintiff was ordered to repay, without interest, all sums paid to her by the defendant between February 14 and July 19, 1991. The court also terminated the defendant's obligation to name the plaintiff as a beneficiary on a policy insuring his life, and ordered that alimony payments escrowed after July 19, 1991, be returned to the defendant. No attorney's fees or costs were awarded to either party.

The defendant first claims that the trial court should have ordered a termination of alimony as of September 1, 1988, the date it found the plaintiff's cohabitation began, since the dissolution decree provided for automatic termination in the event of cohabitation. The plaintiff, on the other hand, argues that the trial court should have terminated alimony as of July 19, 1991, the date as of which she stipulated to the court that she did not want to receive any further alimony from the defendant. By her analysis, a termination any time prior to that date would constitute an improper retroactive modification. We agree with the defendant and reject the plaintiff's position.

[2] In its memorandum of decision, the trial court did not specify the date cohabitation began. The defendant argues, however, that September 1, 1988, was the only date asserted after the plaintiff made her stipulation. During oral argument before this court, the plaintiff contended that at the evidentiary hearing she had never admitted "cohabitation." She agreed, however, that September 1, 1988, was the only date that the trial court could have found as the beginning of cohabitation. In her cross appeal, the plaintiff has not challenged the trial court's finding of cohabitation.

The plaintiff relies on the principle of law established in *Sanchione* v. *Sanchione,* 173 Conn. 397, 378 A.2d 522 (1977), and reaffirmed in *Darak* v. *Darak,* 210 Conn. 462, 556 A.2d 145 (1989), *Vickery* v. *Vickery,* 25 Conn. App. 555, 595 A.2d 905, cert. denied, 220 Conn. 919, 597 A.2d 344 (1991), and *Paddock* v. *Paddock,* 22 Conn. App. 367, 577 A.2d 1087 (1990), that alimony already "accrued" may not be modified. This principle, however, applies when a party seeks modification of alimony pursuant to General Statutes § 46b-86. "That statute 'is a separate and independent statutory basis for the modification of alimony and is a claim which *must be raised in a written motion* by the party seeking to modify the award of periodic alimony.' (Emphasis added.) *Connolly* v. *Connolly,* 191 Conn. 468, 478, 464 A.2d 837 (1983)." *Taylor* v. *Taylor,* 17 Conn. App. 291, 292–93, 551 A.2d 1285 (1989).

The record is clear that the defendant never sought a termination of alimony pursuant to General Statutes § 46b-86.[3] Rather, he sought to terminate alimony *solely*

---

[3] General Statutes § 46b-86 provides in pertinent part: "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . . By written agreement, stipulation or by decision of the court, those items or circumstances that were contemplated and are not to be changed may be specified in the written agreement, stipulation or decision of the court. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law. No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50.

"(b) In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party

on the basis of a provision in the decree.[4] The defendant's motion does not refer to § 46b-86 (a) or (b).[5] During the evidentiary hearing, the defendant's counsel informed the trial court that "[w]ith respect to the issue of retroactivity, this case is not about retroactivity whatsoever. We are seeking and we are respectfully asking this court to enforce its order, which order said that alimony shall terminate in the event of cohabitation. I don't believe this is a matter . . . that is controlled by the statute in any way . . . . It is merely seeking to enforce a court order. And, that's what I'm asking the court to do."

The defendant contends, and we agree, that the dissolution judgment itself provided for termination of the alimony upon the occurrence of the plaintiff's cohabitation. The provisions of General Statutes § 46b-86 are inapplicable. The trial court should have considered the terms of the dissolution decree, which incorporated the agreement of the parties in the form of a stipulation. *Taylor* v. *Taylor,* supra. "When a judgment incor-

to the other, the superior court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party. . . ."

[4] At the onset of the evidentiary hearing, the trial court asked the defendant's counsel, "And, just so I . . . understand the file . . . . Your motion for termination of alimony is based on the judgment in the file, is that correct?" The defendant's counsel responded, "Yes, Your Honor." Later, in his opening argument, the defendant's counsel stated that the defendant was "basically seek[ing] an enforcement of the dissolution of marriage judgment." On the second day of the proceeding, the trial court again inquired, "Now let me ask the defendant . . . [a]re you claiming a modification of the alimony because of the statute 46b-86, subsection b, or because of the decree, or both?" The defendant's counsel responded, "Because of . . . the decree and the decree only."

[5] The defendant's motion for contempt filed December 20, 1990, also makes no reference to General Statutes § 46b-86 (a) or (b).

porates a separation agreement in accordance with a stipulation of the parties, it is to be regarded and construed as a contract. *Barnard* v. *Barnard,* 214 Conn. 99, 109, 570 A.2d 690 (1990) . . . ." (Citations omitted.) *Greenburg* v. *Greenburg,* 26 Conn. App. 591, 595, 602 A.2d 1056 (1992). The ultimate issue for this court is whether the trial court, in construing the judgment "as a contract," reasonably could have concluded as it did. *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835 (1975).

"In giving meaning to the terms of a contract, the court should construe the agreement as a whole, and its relevant provisions are to be considered together. . . . When the language is clear and unambiguous . . . the contract is to be given effect according to its terms." (Citations omitted.) *Greenburg* v. *Greenburg,* supra, 596. The judgment in this case is clear: by its unambiguous terms, alimony ceased when the plaintiff's cohabitation began on September 1, 1988. The alimony termination provision was automatic and self-executing *upon cohabitation,* just as it would have been upon her remarriage or the death of either party. No alimony "accrued" between September 1, 1988, and July 19, 1991, and the defendant was properly entitled to a reimbursement of the sums he had paid to the plaintiff during that period. In ordering a termination of alimony effective February 14, 1991—the date the defendant filed his motion for modification—the trial court incorrectly applied the law and, therefore, could not reasonably have concluded as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985).

The defendant next claims that the trial court improperly denied his request for attorney's fees, costs and interest on the alimony reimbursed by the plaintiff. Our review of the record indicates that the court's denial was based on the mistaken belief that it lacked discretion to make such an award. On remand, the trial court

should, in addition to correcting the date on which alimony terminated, exercise its discretion by considering whether the defendant is entitled to an award of interest, attorney's fees and costs.

In light of our disposition of the defendant's appeal, we conclude that the sole issue raised in the plaintiff's cross appeal is without merit.

On the defendant's appeal, the judgment is reversed and the case is remanded for further proceedings in accordance with this opinion. On the plaintiff's cross appeal, the judgment is affirmed.

In this opinion the other judges concurred.