[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR MODIFICATION
The marriage of the parties was dissolved by a judgment of this court (MacDonald, R.) on February 9, 1979.
On June 5, 1997 the plaintiff filed the instant motion to open and modify that judgment as it relates to periodic alimony alleging that "the plaintiff is unable to work because of illhealth and the current alimony order should be modified accordingly" (emphasis added).
The court incorporated into the 1979 dissolution decree the Stipulation of the parties dated February 26, 1979. That stipulation provided, in part, that the defendant was to pay to the plaintiff alimony in the amount of $80.00 per week. It further provided that the $80.00 per week obligation would be reduced to $1.00 per year when the parties' youngest child reached the age of 18. That is in fact what took place.
The Stipulation contained the additional relevant provision:
 7. The plaintiff shall have the right to ask for an increase in the $1.00 per year alimony in the event that she is unable to work because of ill health or if she loses her employment through no fault of her own and cannot find employment in a profession or any other job which would reasonably compensate her or if she secures employment for substantial [sic] less money than she is now making."
At the time of the dissolution the parties, to their credit, anticipated and acknowledged the fact that the plaintiff had a chronic health problem which, in time, might adversely effect her ability to earn the income that she was receiving at the time of the dissolution. They expressly provided that if her health did some day prevent her from working it would be the basis to revisit the alimony ward.
Over a number of days this court heard evidence and testimony regarding the relief sought in the motion. Portions of the evidence and testimony offered by the movant concerned her personal medical and financial situation. The majority of the evidence she introduced, however, related to the current assets, income and liabilities of the defendant-husband. Most if not all of his assets and income were acquired by him during the 21 years since the dissolution of the marriage.
The movant made several attempts during the hearings to CT Page 13058 introduce evidence and testimony concerning the grounds for the breakdown of the marriage over 20 years ago. The respondent objected on the grounds of relevance and the court sustained his objections.
The crucial issue raised by this motion is the determination by the court of the current and future health of the movant and the financial consequences of her health as it relates to her ability to maintain her employment. As previously cited, the operative provision of their dissolution judgment deals with a modification to be had "in the event she is unable to work because of ill health". It is not a modification based "a substantial change of circumstances."
It is within that limited scope that any modification of the judgment should be focused . Section 46b-86, Conn. General Statutes governs the modification of alimony or support orders and judgments. That statute provides, in relevant part, "(a) Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. . ."
The practical effect of this statutory provision is that if the judgment is silent when it comes to precluding modification, modification is usually allowed — after a showing that there has been a substantial change of circumstances by either of the parties. There is no requirement, however, that modification beexpressly precluded (e.g. "Thou shalt not modify thisjudgment!").
The parties differ sharply as to whether or not Sec. 46b-86, (Modification of alimony or support orders and judgments), Conn. General Statutes and its provisions (most specifically the provision which recognizes "change of circumstance" as a basis for allowing modification) is applicable in this case.
In the instant case, the defendant maintains that the parties addressed the issue of modification when they stipulated and agreed that there could be modification for very specific reasons. Reasons which were negotiated and bargained for. Reasons which were then expressly articulated in their stipulation.
The defendant argues that any modification of this judgment CT Page 13059 must be for one of those reasons and for no other reason and that the judgment implicitly precludes any other modification. He argues that the decree precludes modification to the extent that modification cannot be had except for several very certain and specified reasons. Having reviewed the applicable language in the parties' stipulated agreement, the court agrees with the defendant's argument.
That being so, the language in Section 46b-86, C.G.S., as it concerns the concept of "substantial change in the circumstances of either party" has no import or relevance in this case.
While the cases are legion which permit the court when modifying a judgment to consider the ups and downs of each of the parties' fortunes, those cases all involve the classic "change of circumstance" scenario. This case does not.
The issue of whether Sec. 46b-86, C.G.S. applies was discussed and articulated in Milhalyak vs. Milhalyak,30 Conn. App. 516 (1993) and Patrick vs. Patrick,12 CONN. L. RPTR. 292, 9 CSCR 948 (1994).
In Milhalyak, the court found that the issue of whether or not Sec. 46b-86, C.G.S. was controlling depended upon whether or not the motion was based upon that statute. It further found that the principles of Sec. 46b-86, C.G.S. apply when a party seeks modification pursuant to General Statutes 46b-86. "That statute" is a separate and independent statutory basis for the modification of alimony and is a claim which must be raised in awritten motion by the party seeking to modify the award of periodic alimony.' (Emphasis added). Connolly vs. Connolly,191 Conn. 468, 478, 464 A.2d 837 (1983)." Taylor v. Taylor,17 Conn. App. 291, 292-93, 551A.2d 1285 (1989), as cited in Milhalyaksupra, 520.
The court goes on to note, "[t]he record is clear that the defendant never sought a termination of alimony pursuant to General Statutes Sec. 46b-86. Rather he sought to terminate alimony solely on the basis of a provision on the decree." The court further observed, "the defendant contends, and we agree, that the dissolution judgment itself provided for termination of the alimony upon the occurrence of the plaintiff's cohabitation. The provisions of General Statutes Sec. 46b-86 are inapplicable.Milhalyak, supra, 520-521.
In Patrick, the court (Sferrazza, J.) held that a party CT Page 13060 seeking to modify alimony retroactively could not distance himself from the provisions of Sec. 46b-86, C.G.S. by claiming that the parties' separation agreement which merged into the judgment gave him a contractual right separate and apart from the provisions of Sec. 46b-86, C.G.S. which allowed him to modify retroactively.
While noting that in some cases contract law principles can be the basis for permitting modification "unfettered by the dictates of Sec. 46b-86," the court concluded that Patrick was not such a case.
In refusing to follow Milhalyak, the court in Patrick noted that the movant (1)specifically cited Sec. 46b-86 in the motion for modification and (2) it held that Sec. 46b-86, C.G.S. is "the only procedural way to [modify the judgment]." (Emphasis added).
The court in Patrick conceded that Milhalyak was a case where, "the authority to terminate the alimony fell outside the context of Sec. 46b-86, Connecticut General Statutes."
In the instant case the court finds, as in Milhalyak, the authority to modify the alimony falls outside the context of Sec.46b-86, C.G.S.
In Sweeney v. Sweeney, 9 Conn. App. 498 (1987), the parties had entered into a stipulated agreement which was made part of the dissolution decree. In one paragraph of that agreement the parties stipulated that, "in the event that either or both of the children reside with the Husband, the parties agree to adjust the alimony payments to the wife." The trial court rejected the defendant's argument the "adjustment" in that paragraph of the separation agreement means that the court should conduct a full-scale review of the parties' current financial situation and employ all of the criteria of General Statutes Sec. 46b-82 to, in effect, reset the alimony. The court further found that the term "adjustment" required only that the court "determine as best as possible the financial impact of the relocation of the children to their father and reduce his payments accordingly." Sweeney,supra, 502.
The defendant further argues that any modification to be allowed should be limited to a reconsideration of what a proper order of periodic alimony should be. He argues that the instant motion cannot be the vehicle for fashioning new or additional CT Page 13061 orders relating to the maintenance by the defendant of medical insurance and other relief which was not provided for in the original judgment. As authority for that position he citesTownsley vs. Townsley, 7 Conn. App. 100 (1995). In that case, the Appellate Court held that the trial court erred when instead of opening a dissolution judgment for the limited purpose stated in the motion, it opened the judgment as to all issues (except the dissolution itself) and ordered a new hearing on all issues regarding the terms of the dissolution. The trial court was found to have abused its discretion by acting sua sponte when it opened the entire judgment. Townsley, supra, 102.
While the due process issue in that case was lack of sufficient notice to the adverse party, it would be equally erroneous of the court to open and reconsider portions of a judgment when it lacks the requisite jurisdiction to do so. In the instant case, the court finds that it is beyond the jurisdiction of this court to require the defendant, some twenty years after the judgment, to begin to provide health insurance or other benefits not included in the original judgment.
The judgment herein is to be modified, but not for "change of circumstance" reasons. It is to be modified to take into account (1) the plaintiff's current health; (2) the extent to which the plaintiff has become unable to work due to health reasons and, (3) the consequential diminution of the plaintiff's earning capacity; (4) the extent to which the plaintiff's finances have been adversely effected by such inability to work; and (5) any consequential increases in her expenses attributable to her failing health.
At the time of the original judgement, the plaintiff was employed by Waterbury Hospital and received a gross weekly pay of $299.12 (or approximately $14,716.70 per year) which netted her $178.39 per week.
She testified that over the intervening years she continued in her employment at Waterbury Hospital and at the peak of her employment there (1996) she received $50,933.45 as gross wages (Plaintiff's Ex. 1). After the deduction of applicable income taxes and other withholdings, the plaintiff's net income for that year is estimated to be approximately $37,168.00. The plaintiff has retired from Waterbury Hospital (and from her other part-time duties at Taft School and Westover School). Her income at the time of the hearing on the motion was $1,216.00 per month in CT Page 13062 Social Security benefits and $1,323.68 from a disability policy. She also has the right to access approximately $249.00 from an annuity policy which she holds.
Without factoring in the annuity benefits which have accrued, the plaintiff's estimated monthly income is approximately $30,480.00 per year if she receives no additional income from employment.
The plaintiff's reduction in income is approximately $6,688.00 per year from what she enjoyed at the time of her retirement. It would be approximately $3,688.00 if the plaintiff invaded her annuity at the rate of $250.00 per month over the course of one year.
The plaintiff also testified that she has begun to incur added medical expenses related to her chronic illness. Fortunately, she is a member of a quality medical insurance group and a good deal of her claims are paid in full. Not all are fully paid, however and she does have a variety of medical expenses which remain her sole responsibility. They are expenses which the court finds to be within the contemplation of the parties agreement to modify the judgment.
Having considered the overall reduction in the plaintiff's income and also her increased expenses related to her illness, the court enters the following orders.
The defendant shall pay to the plaintiff periodic alimony in the amount of $9,000.00 per year. That obligation shall be payable at the rate of $750.00 per month.
This order is retroactive back to the date of the filing of the motion. The consequential arrearage shall be calculated by the parties and one-twenty fourth (1/24) of that arrearage shall be paid to the plaintiff in addition to the monthly obligation of $750.00 until that arrearage has been paid in full.
This alimony obligation shall continue until the first of the following events:
(1) the death of either of the parties;
(2) the remarriage of the plaintiff; CT Page 13063
(3) cohabitation by the plaintiff with an adult male;
(4) the attainment by the plaintiff of the age of 62.
In all other respects the judgment of February 9, 1979 shall remain unchanged.
Neither party is awarded counsel fees in regard to this motion and order.
By the Court,
Joseph Doherty, Judge