## KIP KRICHKO *v.* LESLIE KRICHKO
### (AC 27691)

Flynn, C. J., and Lavine and West, Js.

Argued April 22—officially released June 24, 2008

*William R. Donaldson*, with whom, on the brief, was *Christopher P. Norris*, for the appellant (plaintiff).

*David P. Ball*, for the appellee (defendant).

*Opinion*

WEST, J. The plaintiff, Kip Krichko, appeals from the judgment of the trial court, granting his motion to terminate his obligation to pay alimony. He claims that the court improperly (1) failed to rule that alimony terminated on the date on which the defendant, Leslie Krichko, began cohabiting with an unrelated male and (2) failed to find the date on which the defendant began to cohabit with an unrelated male. We reverse the judgment of the trial court.

The following factual and procedural history is relevant to our disposition of the plaintiff's appeal. The parties were married on September 10, 1983, in Maine, and they subsequently had three children. The marriage was dissolved by the court, *Carroll, J.*, on April 15, 2002. On that date, the parties executed a separation

agreement, which was incorporated into the dissolution judgment. Section 13.2 of that agreement provides in relevant part: "After April 30, 2005, if alimony has not previously been terminated . . . then the [plaintiff] shall on the 1st day of May, 2005 and continuing thereafter on the 15th day and 1st day of each month, pay the [defendant] the sum of Seven Hundred Fifty and no/100 ($750.00) Dollars as alimony provided that such payment shall terminate on the earliest of the following events to occur: a. The death of either party; or b. The remarriage or cohabitation of the[defendant]; or c. The date on which the [defendant] obtains her Master's Degree; or d. April 30, 2007." On October 6, 2005, the plaintiff filed a motion for an order, postjudgment, seeking to terminate alimony immediately pursuant to § 13.2 of the separation agreement.[1] In his motion, the plaintiff requested that the alimony he was paying to the defendant be terminated immediately due to the fact that the defendant was cohabiting with an unrelated adult male and that, as a result, there was a change of circumstances, which altered the defendant's financial needs. The plaintiff did not cite a statute in support of his claim.

A hearing regarding the issue of termination of alimony was held on February 14, 2006, and was continued to March 31, 2006, and concluded on that date. At the conclusion of the hearing, the court, *Pinkus, J.*, found that the defendant was cohabiting with an unrelated adult male and that the defendant's financial circumstances had changed, and, as a result, the court terminated the plaintiff's alimony obligation. The court did not decide the date as of which the alimony was to be

---

[1] The plaintiff also filed the same motion for an order on January 24, 2006, and then filed an amended motion for an order on March 10, 2006. The motions filed on October 6, 2005, and on January 24, 2006, were identical in substance. The amended motion filed on March 10, 2006, corrected a scrivener's error present in the first two motions by substituting the word "defendant" for the word "plaintiff" in two places.

terminated and gave the attorneys an opportunity to submit case law on that issue.

The plaintiff argued that his alimony obligation should terminate as of the beginning of September, 2005, when the defendant began cohabiting with the unrelated male, and relied on *Mihalyak* v. *Mihalyak*, 30 Conn. App. 516, 620 A.2d 1327 (1993), in support of this argument. On April 3, 2006, however, the court ordered alimony terminated effective February 14, 2006. The court arrived at this conclusion by relying on the language of General Statutes § 46b-86 (a), which provides in relevant part: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50." The court did not believe it could terminate the alimony retroactively pursuant to § 46b-86 (a).[2]

On April 19, 2006, the plaintiff filed a motion to reargue, claiming that the court improperly terminated the alimony as of February 14, 2006, instead of early September, 2005. The plaintiff cited *Mihalyak* v. *Mihalyak*, supra, 30 Conn. App. 516, for the proposition that the alimony should be terminated at the start of the cohabitation, regardless of the date of the hearing. The motion, however, was denied by the court on April 24, 2006. On May 12, 2006, the plaintiff appealed from the April 3, 2006 decision regarding the effective date of the termination of the alimony. Subsequently, on April 19, 2007, the plaintiff filed a motion for articulation, asking

[2] Although the statute allows retroactive modification of alimony from the date of service of notice of the pending motion for modification on the opposing party, the court did not modify the alimony from the date of the service of the motion.

the court to articulate several things, including, inter alia, the specific date on which the defendant's cohabitation began, whether the court terminated the alimony pursuant to the separation agreement or some other legal authority and a legal rationale for terminating alimony as of February 14, 2006. The court denied this motion on May 9, 2007. On May 17, 2007, the plaintiff filed a motion for review concerning the court's May 9, 2007 decision. This court granted the motion for review on July 11, 2007, but denied the relief requested by the plaintiff. Additional facts will be set forth as necessary.

Prior to examining the plaintiff's appeal, we set forth the applicable standard of review. The parties are not disputing any issues of fact. The crucial issue is whether the court properly determined that the plaintiff's alimony obligation terminated on the date of the commencement of the hearing regarding the plaintiff's motion to terminate alimony. Accordingly, the parties are not disputing *whether* the alimony should have been terminated but, rather, *when* it should have been terminated. When the alimony should have been terminated is a question of law over which we afford plenary review. "We afford plenary review to conclusions of law reached by the trial court." *Sagamore Group, Inc.* v. *Commissioner of Transportation,* 29 Conn. App. 292, 300, 614 A.2d 1255 (1992). "Under plenary review, we must decide whether the trial court's conclusions of law are legally and logically correct and find support in the record." (Internal quotation marks omitted.) *William Raveis Real Estate, Inc.* v. *Newtown Group Properties Ltd. Partnership,* 95 Conn. App. 772, 777, 898 A.2d 265 (2006).

I

The plaintiff claims that the court improperly failed to determine that his alimony obligation terminated on

the date on which the defendant began cohabiting with an unrelated male. We agree with the plaintiff.

The following additional facts are relevant to the disposition of the plaintiff's claim. On March 31, 2006, the court heard testimony from both the defendant and her significant other, Donald Townsend, regarding the date they began to cohabit. The defendant testified that at the beginning of the 2005-2006 school year, she registered her daughter to take the bus from Townsend's home address. Townsend testified that the defendant began living with him around the first week of September, 2005. There was no evidence presented to demonstrate that the defendant and Townsend began cohabiting any earlier or later than the first week of September, 2005. In addition, both the defendant and Townsend testified regarding the extent to which the defendant's financial circumstances had changed as a result of her living with him. Townsend testified that he and the defendant essentially were sharing the costs of running the house. The defendant testified that she and Townsend evenly shared the cost of the utilities for the house, that they evenly divided the cost of the mortgage payment for the house and that she moved in with Townsend in order to reduce her expenses. At the end of the hearing, the court found that the defendant was cohabiting with an unrelated male and that there was a change in the financial circumstances of the defendant.

The plaintiff argues that the court should have relied on the separation agreement, not the relevant portions of § 46b-86,[3] to terminate the alimony. The plaintiff cites

[3] In addition to relying on the relevant portion of § 46b-86 (a), the court also relied on § 46b-86 (b), which provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under

*Mihalyak* v. *Mihalyak*, supra, 30 Conn. App. 516, as being directly on point in the present case. The plaintiff argues that in *Mihalyak*, the former husband sought under the terms of the separation agreement to terminate alimony due to his former wife's cohabitation with an unrelated male. This court, in *Mihalyak*, agreed that the former husband's alimony obligation should have been terminated as of the date the cohabitation began. The plaintiff here argues that, as in *Mihalyak*, the applicable provision of the separation agreement was automatic and self-executing. Accordingly, the moment the defendant began cohabiting with Townsend, the alimony ceased, and the plaintiff is entitled to the reimbursement of all alimony payments made to the defendant after the commencement of cohabitation. We agree with the plaintiff.

Our decision in *Mihalyak* v. *Mihalyak*, supra, 30 Conn. App. 516, controls.[4] In *Mihalyak*, the parties' marriage was dissolved, and the judgment, which incorporated an oral stipulation of the parties, provided that "the [former] [w]ife's right to receive alimony will terminate upon the death of either party or upon the [former] wife's remarriage or cohabitation." (Internal quotation marks omitted.) Id., 518. After learning of the cohabitation, the former husband filed a motion for modification

circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

[4] The defendant argued at oral argument that *DeMaria* v. *DeMaria*, 247 Conn. 715, 724 A.2d 1088 (1999), controls the present case because in *DeMaria*, our Supreme Court stated that in deciding whether to modify alimony on the basis of the cohabitation of one party, the trial court must be guided by the statutory analysis, even if the separation agreement does not reference the statute. *DeMaria* is inapposite, however, because *DeMaria* discussed what the trial court should consider in deciding *whether* to terminate alimony on the basis of cohabitation, not *when* the alimony should be terminated after a court decides it should be terminated.

or termination of alimony in February, 1991, but continued paying alimony until July 19, 1991. Id. The trial court held a hearing and found that the former wife had been cohabiting with another man since September 1, 1988, and that her financial needs had changed. Id., 518–19. The court, therefore, terminated the alimony as of the date the former husband filed his motion for modification. Id., 519. The former husband appealed, claiming that pursuant to the dissolution decree, the court should have terminated the alimony as of the date it found that cohabitation had commenced. Id. This court stated that the former husband sought termination of alimony solely on the basis of the provision in the decree, not § 46b-86. Id., 520–21. In such a situation, "[t]he provisions of . . . § 46b-86 are inapplicable. The trial court should have considered the terms of the dissolution decree, which incorporated the agreement of the parties in the form of a stipulation." Id., 521. Furthermore, in reversing the judgment of the trial court, this court held that "[t]he [dissolution] judgment in this case is clear: by its unambiguous terms, alimony ceased when the [former wife's] cohabitation began on September 1, 1988. The alimony termination provision was automatic and self-executing *upon cohabitation* . . . . No alimony 'accrued' between September 1, 1988, and July 19, 1991, and the defendant was properly entitled to a reimbursement of the sums he had paid to the [former wife] during that period." (Emphasis in original.) Id., 522.

In the present case, as in *Mihalyak*, the separation agreement did not reference § 46b-86, and the plaintiff's motion to modify the alimony was made solely on the basis of the separation agreement, not the statute. In fact, the wording of the separation agreement in the present case was almost identical to that of the agreement in *Mihalyak*. Therefore, as in *Mihalyak*, the

separation agreement's termination provision was self-executing upon cohabitation. Accordingly, the court improperly failed to conclude that the plaintiff's alimony obligation terminated as of the date the defendant began cohabiting, pursuant to the separation agreement.

## II

The plaintiff also claims that the court improperly failed to find a date on which the defendant began to cohabit. The court did not find a date on which cohabitation by the defendant commenced. Because we have concluded that the alimony should have terminated on the date cohabitation commenced, we remand the case to the trial court to make that finding.

The judgment is reversed only as to the date of termination and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.