******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## GMAC MORTGAGE, LLC *v.* DANIEL DEMELIS ET AL.
### (AC 39836)

Sheldon, Bright and Flynn, Js.

*Syllabus*

The plaintiff, G Co., sought to foreclose a mortgage on certain real property owned by the defendant C. After the trial court rendered a judgment of foreclosure by sale and just prior to the sale date, C filed a petition for bankruptcy, which was eventually dismissed in March, 2014. Subsequently, in April, 2014, G Co. filed a motion to open the judgment, in which it informed the court that C's bankruptcy petition had been dismissed. That motion was not heard by the court for more than two years. In July, 2015, the court, instead, sua sponte issued an order requiring G Co. to file an affidavit stating the status of C's bankruptcy petition and whether a motion for relief from stay had been filed, which G Co. did not do. Thereafter, G Co. filed a motion to substitute D Co. as the plaintiff, which the trial court granted. C subsequently filed a motion to dismiss the action on two grounds, claiming that the case should be dismissed due to G Co.'s lack of diligence in prosecuting the action and because G Co. never complied with the court's July, 2015 order. The trial court denied C's motion to dismiss and considered, for the first time, G Co.'s April, 2014 motion to open the judgment, which it granted, and rendered a judgment of strict foreclosure. Subsequently, the court denied C's motion for articulation, reconsideration and/or reargument, and C appealed to this court. *Held*:

1. The trial court did not abuse its discretion in denying C's motion to dismiss based on G Co.'s failure to comply with a court order: the subject order, which stated that a failure to comply would result in dismissal, was not self-executing, as it merely set forth the court's then-present intention to dismiss the case if G Co. did not comply, and in the event of noncompliance, further action of the court was still required to render a judgment of dismissal and the trial court retained the jurisdiction and discretion to decide not to impose the sanction of dismissal; moreover, the court's decision to deny the motion to dismiss was consistent with the policy preference to bring about a trial on the merits of a dispute whenever possible and was supported by the facts that G Co. actually had informed the court of the status of the defendant's bankruptcy in its April, 2014 motion to open the judgment, and that C had waited more than one year from G Co.'s failure to comply with the order before filing her motion to dismiss.

2. C could not prevail on her claim that the trial court abused its discretion in not dismissing the action due to G Co.'s failure to prosecute the case with reasonable diligence; the court exercised its discretion in favor of resolving the case on its merits, and the delay in the resolution of the case was not attributed solely to G Co. given that, after the judgment of foreclosure by sale was first rendered, C moved to open the judgment three times and, on the eve of the sale date, filed for bankruptcy, which stayed the foreclosure by sale, and that when the court issued its July, 2015 order requiring G Co. to provide an affidavit regarding C's bankruptcy petition, C remained silent even though she knew her bankruptcy petition had been dismissed more than one year prior and that G Co. had already brought that fact to the court's attention.

C's claim that the trial court abused its discretion by denying her motion for articulation, reconsideration and/or reargument was not reviewable, C having failed to file a motion for review pursuant to the applicable rule of practice (§ 66-7) following the trial court's denial of her motion.

Argued on February 1—officially released April 17, 2018

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial dis-

trict of Middlesex, where the court, *Aurigemma, J.*, rendered a judgment of foreclosure by sale; thereafter, the court granted the defendant Courtney Demelis' motion to open the judgment; subsequently, the court granted the plaintiff's motion to substitute Ditech Financial, LLC, as the plaintiff; thereafter, the court denied the defendant Courtney Demelis' motion to dismiss; subsequently, the court granted the substitute plaintiff's motion to open the judgment and rendered a judgment of strict foreclosure; thereafter, the court denied the defendant Courtney Demelis' motion for articulation, and the defendant Courtney Demelis appealed to this court. *Affirmed.*

*C. Michael Budlong*, with whom was *Emily C. Thaller*, for the appellant (defendant Courtney Demelis).

*S. Bruce Fair*, with whom, on the brief, was *Victoria L. Forcella*, for the appellee (substitute plaintiff).

*Opinion*

BRIGHT, J. The defendant Courtney Demelis[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the substitute plaintiff, Ditech Financial, LLC (Ditech).[2] The defendant claims that the court abused its discretion by: (1) denying her motion to dismiss for the original plaintiff's failure to comply with an order of the court; (2) denying her motion to dismiss based on the original plaintiff's failure to prosecute the case with reasonable diligence; and (3) denying her postjudgment motion for articulation, reconsideration and/or reargument. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In January, 2011, the original plaintiff commenced this foreclosure action by writ, summons and complaint with a return date of February 8, 2011. The defendant appeared and requested participation in the court's foreclosure mediation program. The parties engaged in mediation until July 1, 2011, when the mediation was terminated as unsuccessful. Thereafter, the parties engaged in discovery, after which the original plaintiff moved for a judgment of strict foreclosure on March 12, 2012. The court held a hearing on the motion and, on April 2, 2012, rendered a judgment of foreclosure by sale. The defendant then filed three motions to open the judgment and extend the sale date, all of which were granted. Following the granting of the defendant's last motion to open, the court set the sale date for September 14, 2013.

Just prior to the sale date, on September 13, 2013, the defendant filed a petition for bankruptcy pursuant to title 11, chapter 13, of the United States Code, which caused the sale of the foreclosed property to be stayed. On March 10, 2014, the Bankruptcy Court dismissed the defendant's bankruptcy petition. Consequently, on April 4, 2014, the original plaintiff filed a motion requesting that the trial court open the judgment and reset the sale date for the foreclosed property. In its motion to open the judgment and set a new sale date, the original plaintiff informed the court that the defendant's bankruptcy petition had been dismissed on March 10, 2014. That motion was not heard by the court for more than two years.

Instead, on July 6, 2015, the court, sua sponte, issued an order pursuant to Practice Book § 14-3 requiring the original plaintiff to file an affidavit by August 6, 2015, stating the status of the defendant's bankruptcy petition and whether a motion for relief from stay had been filed. The court's order stated that "[c]ounsel for the plaintiff must file an affidavit by [August 6, 2015] . . . . Failure to comply with the above order within thirty (30) days hereof will result in dismissal pursuant to [Practice Book §] 14-3." The original plaintiff did not

comply with the court's order. Neither the court nor the parties took any further action in the case until March 31, 2016, when the original plaintiff filed a motion to substitute Ditech as the party plaintiff, following the assignment of the subject note and mortgage to Ditech. The motion was unopposed, and the court granted it on April 18, 2016.

Thereafter, on September 22, 2016, the defendant filed a motion to dismiss the case on two grounds. First, the defendant claimed that the case should be dismissed pursuant to Practice Book § 14-3 due to the original plaintiff's lack of diligence in prosecuting the action. Second, she claimed that the case should be dismissed because the original plaintiff never complied with the court's July 6, 2015 order. According to the defendant, because that order stated that the case *will* be dismissed if the original plaintiff did not comply, the order was self-executing and dismissal was required. The court considered the defendant's motion to dismiss on October 17, 2016. At the same time, the court also considered, for the first time, the original plaintiff's April 4, 2014 motion to open judgment. The court denied the defendant's motion to dismiss, granted the original plaintiff's motion to open, and rendered a judgment of strict foreclosure. On November 7, 2016, the defendant filed a motion for articulation, reconsideration and/or reargument. The court denied the motion on November 8, 2016. This appeal followed.

Because the defendant, in each of her three claims, argues that the court abused its discretion, we begin by setting forth the standard of review. "In reviewing a claim that [the] discretion [of the trial court] has been abused, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [T]he ultimate issue is whether the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Faile* v. *Stratford*, 177 Conn. App. 183, 201, 172 A.3d 206 (2017).

I

The defendant claims that the trial court abused its discretion when it denied her motion to dismiss based on the original plaintiff's failure to comply with the court's July 6, 2015 order, which required the original plaintiff to provide an affidavit regarding the defendant's bankruptcy petition by August 6, 2015. The defendant argues that because the order stated that a failure to comply with the order "will result in dismissal pursuant to [Practice Book §] 14-3," the order was self-executing, and the court's refusal to implement the order and dismiss the action was an abuse of discretion. We disagree.

First, the premise of the defendant's argument, that the court's order was self-executing, is incorrect. The

July 6, 2015 order did not dismiss the case. It merely set forth the court's then-present intention to dismiss the case if the original plaintiff did not comply with its order. In the event of noncompliance, further action of the court was still required to render a judgment of dismissal.

The cases upon which the defendant relies are inapposite. In *Mihalyak* v. *Mihalyak*, 30 Conn. App. 516, 518, 620 A.2d 1327 (1993), the *judgment of dissolution* provided that "alimony will terminate upon the death of either party or upon the wife's remarriage or cohabitation." (Internal quotation marks omitted.) This court concluded that "[t]he alimony termination provision was automatic and self-executing" because it took effect upon the occurrence of a certain event, without further action of the court. Id., 518, 522. Accordingly, the court already had rendered *a judgment*, which this court determined was clear and unambiguous. Id., 522.

In *Johnson* v. *Atlantic Health Services, P.C.*, Superior Court, judicial district of New Haven, Docket No. CV-99-0430613-S (April 30, 2002), the trial court, *Blue, J.*, issued a contingent order granting the defendants' motion for judgment on the plaintiffs' stricken complaint, stating that the motion was "granted unless an amended complaint [was] filed by" a particular date.[3] (Internal quotation marks omitted.) Id. After the deadline had passed, and with judgment never having entered in the case, the plaintiffs filed an amended complaint and the defendants objected. Approximately one year later, the trial court, *Booth, J.*, held that Judge Blue's order was self-executing, and, therefore, judgment had already entered in the defendants' favor. Id. Then, for the first time, a judgment actually was entered in the case by the court clerk. Consequently, until Judge Booth's order sustaining the defendants' objection, Judge Blue's contingent order did not result in a final judgment rendered by the court or entered by the court clerk. Further action of the court, i.e., Judge Booth's order, was required in order for a final judgment to enter pursuant to Judge Blue's contingent order.

In the present case, as in *Johnson*, judgment was not entered by the court clerk after the original plaintiff failed to comply with the court's July 6, 2015 order. Further action of the court was required. Unlike in *Johnson* though, the court never rendered a judgment. Rather, it merely stated its intention to do so if the original plaintiff did not comply with its order. Actual dismissal of the case required the additional step of the court following through on its stated intention and rendering a judgment of dismissal. Contrary to the defendant's argument, the court was not required to follow through on its stated intention in its July 6, 2015 order. It retained the jurisdiction and discretion to decide not to impose the sanction of dismissal.

Second, the court's decision not to dismiss the case

due to the original plaintiff's failure to comply with the court's July 6, 2015 order was not an abuse of discretion. Denying the defendant's motion to dismiss based on noncompliance with the court's July 6, 2015 order is consistent with the direction by our Supreme Court that the court's discretion should be exercised mindful of the policy preference "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." *Snow* v. *Calise*, 174 Conn. 567, 574, 392 A.2d 440 (1978). In addition, the court's decision not to render a judgment of dismissal is supported by the facts that the original plaintiff actually had informed the court of the status of the defendant's bankruptcy in its April 4, 2014 motion to open, and that the defendant waited more than one year from the original plaintiff's failure to comply with July 6, 2015 order before filing her motion to dismiss.

Accordingly, the trial court did not abuse its discretion in denying the defendant's motion to dismiss on this ground.

## II

The defendant next claims that the trial court abused its discretion by not dismissing the case due to the original plaintiff's failure to prosecute the case with reasonable diligence. We are not persuaded.

"Practice Book § 14-3 (a) permits a trial court to dismiss an action with costs if a party fails to prosecute the action with reasonable diligence. The ultimate determination regarding a motion to dismiss for lack of diligence is within the sound discretion of the court. . . . Under [§ 14-3], the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the reasonable section of the diligence spectrum. . . . Courts must remain mindful, however, that [i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible . . . and that [o]ur practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Citations omitted; internal quotation marks omitted.) *Bobbin* v. *Sail the Sounds, LLC*, 153 Conn. App. 716, 726–27, 107 A.3d 414 (2014), cert. denied, 315 Conn. 918, 107 A.3d 961 (2015).

As previously noted, courts typically should exercise their discretion in favor of resolving a case on its merits. That is exactly what the court did here. Furthermore, the delay in the resolution of this case can hardly be attributed solely to the original plaintiff. Judgment was first rendered in this case on April 2, 2012. Thereafter, the defendant three times moved to open the judgment, extending the sale date until September 14, 2013. Then, on the eve of the sale date, the defendant filed for

bankruptcy, staying the foreclosure by sale. When the court issued its order on July 6, 2015, requiring the original plaintiff to provide an affidavit regarding the defendant's bankruptcy petition, the defendant remained silent even though she knew that her bankruptcy petition had been dismissed more than one year earlier and that the original plaintiff had brought that fact to the court's attention in its April 4, 2014 motion to open. On the basis of these facts, the court's denial of the defendant's motion to dismiss in no way constituted an abuse of discretion.

### III

Finally, the defendant claims that the court abused its discretion by denying her November 7, 2016 motion for articulation, reconsideration and/or reargument. We decline to review this claim.

The defendant's entire argument is as follows: "Without reasoning behind the court's denial of her motion to dismiss and subsequent motion for reargument, [the defendant] was left to speculate as to the court's reasoning for each, thereby leaving her without the proper information to seek relief on appeal. In her motion for reargument, [the defendant] requested at a minimum, an articulation of the court's denial of her motion to dismiss and also sought reargument on the issues set forth above. Due to the blanket denial of this motion, [the defendant] could not adequately challenge the orders of the court and was improperly left to guess at the court's reasoning."

The defendant's argument improperly attempts to obtain review of the court's denial of her request for articulation. See Practice Book § 66-5 ("[t]he sole remedy of any party desiring [appellate review of] the trial court's decision on the motion [for articulation] filed pursuant to this section . . . shall be by motion for review under [§] 66-7"). The defendant could have filed a motion for review pursuant to Practice Book § 66-7. In fact, the defendant's counsel admitted at oral argument that he did not do so because he has been dissatisfied with this court's rulings on such motions in other cases. Counsel's past disappointments notwithstanding, we will not condone the defendant's attempted end run around our rules of practice by considering her claim. See *Havis-Carbone* v. *Carbone*, 155 Conn. App. 848, 851 n.3, 112 A.3d 779 (2015) (declining to review defendant's claim that court improperly denied motion for articulation because defendant "failed to file a motion for review, which is the remedy for the denial of a motion for articulation").

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Daniel Demelis is not participating in this appeal. Accordingly, any reference to the defendant is to Courtney Demelis only.

[2] On April 18, 2016, prior to rendering the judgment of strict foreclosure, the trial court granted the motion filed by the original plaintiff, GMAC

Mortgage, LLC, to substitute Ditech as the party plaintiff.

[3] In *Johnson* v. *Atlantic Health Services, P.C.*, 83 Conn. App. 268, 849 A.2d 853 (2004), the defendants appealed from the granting of the plaintiffs' motion to open the judgment of dismissal, claiming that the court improperly determined that the motion to open was timely pursuant to Practice Book § 17-4 (a). Id., 269. This court affirmed the order granting the motion to open, holding that "[n]otice is necessary to make a determination of the date that commences the four month period within which a party may file a motion to open a judgment. Noncompliance with a contingent order, by itself, cannot serve as notice of the resultant judgment." Id., 276. In the present case, notice of a judgment of dismissal was not sent to the parties. Consequently, even if the court's order was self-executing, a notice of the judgment still would have had to be sent in order to commence the four month period in which the original plaintiff could file a motion to open.

_____